BRODY et al. v. CHARLES F. HUBBS & CO., Inc., et al.

United States District Court
S. D. New York.

April 30, 1951.

Frederick Breitenfeld, New York City, for plaintiffs.

Davis, Wagner, Hallett & Russell, New York City, Stanley H. Borak, New York City, of counsel, for defendants.

IRVING R. KAUFMAN, District Judge.

The defendants move the Court as follows:

1. To dismiss the second cause of action on the ground of failure to join an indispensable party, namely Cellojac Corporation, the owner of the patents under which plaintiffs sue.

Or in the alternative,

2. Requiring plaintiffs to separately state and number the several causes of action combined under the second cause of action.

3. Requiring plaintiffs to make the second cause of action more definite and certain.

4. Striking out paragraph 19 of the second cause of action as immaterial and impertinent.

Defendants attack plaintiffs' second cause of action only. Plaintiffs' first cause of action is for trade mark infringement.

Defendants allege that the second cause of action combines numerous possible causes of action including:

(a) simulation of plaintiffs' product;

(b) simulation of plaintiffs' trade mark;

(c) misrepresentation by defendants that they are legitimate distributors of covers under the Cellojac patents;

(d) and all of the deceptive acts of the defendants as hereinabove alleged.

As the Court reads the second cause of action in the complaint, it is a simple and singular cause of action for unfair competition, based on simulation of plaintiffs' product and misrepresentation by defendants, items (a) and (c) above. Items (b) and (d) are merely statements in the second cause of action and have been presented out of context by defendants. There is no claim made for patent infringement and therefore the patent owner, Cellojac (plaintiffs being licensees), is not an indispensable or even a necessary party to this action.

The essential basis of a suit for unfair competition is the "passing off" by a defendant of his products as those of the plaintiffs. Unfair competition is a form of trade piracy. Nims, "Unfair Competition and Trade-Marks", Vol. 1, Sec. 4.

In plaintiffs' second cause of action they allege the source of their right as licensees to produce their product, their

belief that because of their substantial production and the inactivity of two other licensees, they—the plaintiffs—have been recognized in the trade as the producers of transparent protective book covers; that defendants to their knowledge are unlicensed to produce transparent book covers and that therefore they are simulating plaintiffs' product and "wrongfully trading upon and benefitting from the good will built up by the Plaintiff (Library Service). In furtherance of their *unfair competition* with the Plaintiff the Defendants have not only adopted a trade mark confusingly similar to the Plaintiff's but have *falsely represented* to the trade and public, by patent markings on their products and otherwise, that their products are licensed under one or both of said Cellojac patents. * * *". (Paragraph 18.)  (Emphasis added.)

"On information and belief, the continued *simulation* by the Defendants of the Plaintiff's transparent protective covers and trade mark, the *continued misrepresentation by the Defendants* * * * and all of the deceptive acts of the Defendants as hereinabove alleged, will inevitably cause confusion and deception of the trade and the public, as a result of which said *unfair competition* by the Defendants has caused, and unless restrained will continue to cause, serious and irreparable injury to the Plaintiff." (Paragraph 20.)  (Emphasis added.)

In their prayer for relief, under the two causes of action, plaintiffs ask for damages for *unfair competition* and trade mark infringement and seek an injunction.

It is revealing that defendants, in their motion and memorandum, suggest all sorts of bases for the second cause of action, but avoid completely any mention of the words "unfair competition", which is the only, and clearly stated, basis of the second cause of action.  They do cite Ford Motor Co. v. McFarland, D.C.W.D.Wash., 1939, 29 F.Supp. 303, for the proposition that a claim for unfair competition should be stated separately from a claim for trade mark infringement, but this is exactly what plaintiffs have done.

The Federal Rules of Civil Procedure require merely a "short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a), 28 U.S.C.A. Defendants certainly are apprised of plaintiffs' claims for relief.

 Paragraph 19 of the complaint states that "On information and belief, the covers manufactured and sold by the Defendants closely resemble those which the Plaintiff manufactures and sells, said resemblance being in fact so close as to constitute, on information and belief, an infringement of a patent owned by Jan and for which infringement Jan has instituted suit against these Defendants."

The latter part of the above paragraph, from "said resemblance * * *" on is immaterial to this action and is ordered stricken from the complaint.

Otherwise defendants' motion is without merit and is denied.