GEORGE P. BALLAS BUICK-GMC, INC.
v. TAYLOR BUICK, INC. ET AL.

(No. 81-1411—Decided September 9, 1981.)

Court of Common Pleas of
Lucas County.

Messrs. Farrar & Lackey and Mr. Richard G. Farrar, for plaintiff.

Messrs. Shumaker, Loop & Kendrick and Mr. Robert G. Clayton, for defendants.

RESTIVO, J. This cause is before the court upon the plaintiff's complaint seeking a preliminary and permanent injunction against the defendants' use of certain advertising consisting of a billboard located at Interstate Route 475 and Jackman Road in Toledo, Ohio. Evidence and direct testimony were presented at hearings before this court, and oral arguments as well as post-hearing briefs were submitted by both parties. In consideration of the same, this court finds that plaintiff is not entitled to injunctive relief, and that its complaint is without merit and should be dismissed.

The cause of action alleged in the plaintiff's complaint is one for unfair competition under the Ohio Deceptive Trade Practices Act (R.C. 4165.01 et seq.). R.C. 4165.02 of that Act states in relevant part:

"A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:

"(A) Passes off goods or services as those of another;

"(B) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

"(C) Causes likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

"* * *

"(E) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;"

Based on this section, plaintiff has alleged that the defendants misappropriated its research, design and advertising by copying and duplicating its advertising design on the above-described billboard thereby appropriating plaintiff's property rights in this advertising design. Furthermore, at the hearings before this court, plaintiff also argued that the defen-

dants unlawfully infringed upon its common-law service mark.

Defendants have raised several arguments against plaintiff's allegations. First, defendants contend that the plaintiff's cause of action for misappropriation is precluded by the federal copyright law (Section 301, Title 17, U.S. Code). Under court interpretation of that law, a general rule has been established that a person has the right to copy whatever federal patent and copyright laws leave in the public domain. See *Sears, Roebuck & Co. v. Stiffel Co.* (1964), 376 U.S. 225; *Compco Corp.* v. *Day-Brite Lighting, Inc.* (1964), 376 U.S. 234. State action in deceptive trade practice law, therefore, has been restricted to the prevention of confusion of sources by regulating such matters as trade dress, labeling, and passing off to prevent source confusion. In short, while a state may not prohibit the copying of an article, it may protect businesses in the use of their labels, or distinctive dress, in the packaging or advertising of such article so as to prevent others from misleading purchasers as to the source of the article by the imitation of such label or dress. See *Sears, Roebuck & Co.* v. *Stiffel Co, supra,* at 232; *Lozier* v. *Kline* (1973), 40 Ohio App. 2d 277 [69 O.O.2d 261]; *Mr. Gasket Co.* v. *Travis* (1973), 35 Ohio App. 2d 65 [64 O.O.2d 192].

The Ohio Deceptive Trade Practices Act was specifically passed along these lines in order to protect the buying public from possible confusion as to the source or origin of services. Such regulation of market practices by the state for the protection of consumers is well-recognized. Thus, plaintiff's reliance on this law as a basis for its allegations of misappropriation of its advertising design and infringement of its common-law service mark is well-founded. While the mere reproduction of plaintiff's advertising design by the defendants would not be sufficient to sustain its cause of action, the further allegation of a likelihood of confusion on the part of the buying public as to the

source or origin of the services offered places this case within the parameters of R.C. 4165.02. In sum, plaintiff's misappropriation claim is not preempted by federal copyright law.

Defendants have further contended, however, that even if plaintiff's claims are not preempted, plaintiff has still failed to meet its burden of proof required by the Ohio Deceptive Trade Practices law. Under that law, in a suit for unfair competition to enjoin the use of a similar trademark, trade dress or advertising design, plaintiff must prove two elements: secondary meaning and likelihood of confusion. *Mr. Gasket Co.* v. *Travis, supra;* see, also, *Tas-T-Nut Co.* v. *Variety Nut & Date Co.* (C.A. 6, 1957), 245 F. 2d 3. Secondary meaning exists where the mark comes to identify not only the goods but the source of those goods, see *Ralston Purina Co.* v. *Thomas J. Lipton, Inc.* (S.D.N.Y. 1972), 341 F. Supp. 129; *Mr. Gasket Co.* v. *Travis, supra,* while likelihood of confusion requires a showing that the ordinary purchaser will be misled or deceived by the similarity. See *Chevron Chemical Co.* v. *Voluntary Purchasing Groups, Inc.* (N.D. Tex. 1980), 209 U.S.P.Q. 951; *National Van Lines, Inc.* v. *Dean* (C.A. 7, 1961), 288 F. 2d 5; *Mr. Gasket Co.* v. *Travis, supra.*

In applying this law, the court must first determine the extent of the allegedly infringed service mark. In this case, the parties are in disagreement as to the exact nature of the plaintiff's service mark. Plaintiff contends that its common-law service mark consists of the red, white and blue interstate shield in combination with a green background having a white border. Defendants, on the other hand, apparently contend that the only valid service mark which plaintiff might have is the sign as a whole.

The law is fairly clear on this point, however, as it defines a "service mark" as a mark used in the sale or advertising of services to identify the services of one person and distinguish them from the ser-

vices of another. See Section 1127, Title 15, U.S. Code; R.C. 1329.54. Such a mark can consist of a word, name, symbol, device, or any combination of the foregoing in any form or arrangement. R.C. 4165.01(D). Moreover, color, in combination with size, shape or symbols, may constitute a valid trademark which may be protected against use of another mark which is similar in color and other characteristics. See, *e.g., Keller Products, Inc.* v. *Rubber Linings Corp.* (C.A. 7, 1954), 213 F. 2d 382; *Safe-Cabinet Co.* v. *Globe-Wernicke Co.* (1914), 3 Ohio App. 24, modified and affirmed (1915), 92 Ohio St. 532; *Cigar Makers' International Union* v. *Burkhardt* (C.P. 1898), 6 N.P. 342. Thus, plaintiff's red, white and blue interstate shield on a green background with a white border could function as a valid service mark.

Nonetheless, it is equally well-established that whether a trademark is distinctively valid depends upon a consideration of its elements as a whole and not upon its dissected parts. See *Armstrong Cork Co.* v. *World Carpets, Inc.* (C.A. 5, 1979), 203 U.S.P.Q. 19; *National Van Lines, Inc.* v. *Dean* (C.A. 7, 1961), 288 F. 2d 5; *Blue Bell Co.* v. *Frontier Refining Co.* (C.A. 10, 1954), 213 F. 2d 354. In examining the facts of this case, the court is persuaded by the lack of usage of only the shield on the colored background to advertise plaintiff's services without the inclusion of any words or other symbols. No evidence whatsoever has been produced to demonstrate the usage of the shield on the colored background as plaintiff's service mark other than on its advertising billboards. Yet, on every advertising billboard, the plaintiff's name and other wording are dominant characteristics.[1] Such words or literal portion of the mark is the part most likely to be impressed upon a purchaser's memory and generally serve as the indicia of origin of the services offered. See, *e.g., In re Drug Research Reports, Inc.* (TT & A Bd. 1978), 200 U.S.P.Q. 554; *Consumers Building Marts, Inc.* (TT & A Bd. 1977), 196 U.S.P.Q. 510. Thus, this court is of the opinion that plaintiff's service mark consists of its advertising billboard as a whole.[2]

In examining the advertising billboard as plaintiff's service mark, the court finds that while plaintiff may have demonstrated secondary meaning through the testimony of its five witnesses, it has totally failed to prove a likelihood of confusion on the part of the buying public. On both plaintiff's and the defendants' advertising displays, each of their names is prominently displayed. Every witness at the hearing testified that there was no doubt whose billboard was whose. Furthermore, the services offered (*i.e.,* the sale of automobiles) generally apply to customers who can be expected to make careful deliberations before accepting such services.

Under such circumstances, this court is of the opinion that the case of *International Heating Co.* v. *Oliver Oil Gas Burner & Machine Co.* (C.A. 8, 1923), 288 F. 708, sets forth the applicable reasoning to be applied. In holding that defendants' advertisements could not sustain a cause of action for unfair competition, the Eighth Circuit Court of Appeals stated in that case:

"* * * Unfair competition begins where imitation results in the deception of

---

[1] Plaintiff's reliance on *Keller Products, Inc.* v. *Rubber Linings Corp.* (C.A. 7, 1954), 213 F. 2d 382, for the proposition that the inclusion of plaintiff's name does not destroy the validity of the symbol alone as a mark is misplaced since in that case the name and other wording were not dominant characteristics.

[2] Further support for this finding is the fact that no evidence has been produced by the plaintiff to show that the shield on the colored background alone has come to identify the source of plaintiff's services as required by the secondary meaning doctrine.

the customers of the party complaining. * * * In every advertisement found in the record, each party made prominent its name and address, as well as the distinctive name of its burner * * *. Each has a cut showing a woman by a stove, but the similarity is not such as to mislead. *Especially is this true when it is remembered that we are here dealing with advertisements, and not with the dress in which the burners of the respective parties were offered to customers over the counter by retail dealers.* Similarity of dress is enjoined as unfair competition, because customers, calling for an article, do not stop to read printed names and addresses, or to observe differences which may distinguish the simulated article from the one called for. * * * But *a customer obtained through an advertisement must of necessity read the advertisement to become acquainted with the article advertised and to know the name and address of the advertiser.* Plaintiff's advertisements describe the Oliver Oil Gas Burner and give plaintiff's name * * * with its address. The advertisements of the defendant company describe the Instant Gas Oil Burner and give its name * * * with its address. No sensible person acquainted with plaintiff's advertisements would believe that the defendant company was advertising and selling plaintiff's burner. * * *'' (Citations omitted.) (Emphasis added.) *Id.* at 711-712.

See, also, *Kellogg Co.* v. *National Biscuit Co.* (1938), 305 U.S. 111; *J.R. Clark Co.* v. *Murray Metal Products Co.* (C.A. 5, 1955), 219 F. 2d 313; *Heuer* v. *Parkhill* (W.D. Ark. 1953), 114 F. Supp. 665.

Similarly in the case at bar, this court is convinced that a reasonably prudent purchaser would not be misled or confused by the defendants' advertising billboard. Based on the above findings, then, plaintiff's complaint seeking preliminary and permanent injunctive relief is not well-taken and must be dismissed.

*Complaint dismissed.*

(No. 81-1411—Decided October 13, 1981.)

ON MOTION FOR RELIEF FROM JUDGMENT.

RESTIVO, J. This cause is now before the court upon the plaintiff's motion for relief from this court's Judgment of September 9, 1981, dismissing the plaintiff's complaint with prejudice. Plaintiff contends that under Civ. R. 65(B)(2), it was improper for this court to dismiss the plaintiff's complaint following only a hearing for a preliminary injunction where there was no consolidation of that hearing with a hearing on· the merits. While the court agrees that plaintiff would generally be entitled to a full trial on the merits, it is clear that the court may dismiss the complaint where it finds that plaintiff has failed to state a claim upon which relief can be granted and that plaintiff cannot state such a claim. See, *e.g., Mast, Foos & Co.* v. *Stover Mfg. Co.* (1900), 177 U.S. 485; *Bright* v. *Nunn* (C.A. 6, 1971), 448 F. 2d 245; *Hurwitz* v. *Directors Guild of America, Inc.* (C.A. 2, 1966), 364 F. 2d 67, certiorari denied (1966), 385 U.S. 971; *Standard Oil Co. of Texas* v. *Lopeno Gas Co.* (C.A. 5, 1957), 240 F. 2d 504. In this case, the court has determined that no reasonably prudent purchaser could possibly be misled or confused by the defendants' advertising billboard, and therefore, that plaintiff cannot state a claim for unfair competition.

Since plaintiff cannot show any right to relief, it was appropriate for this court to dismiss the plaintiff's complaint. Therefore, plaintiff's motion for relief from judgment must be denied.

*Motion denied.*