GEORGE P. BALLAS BUICK-GMC, INC., APPELLANT, *v.* TAYLOR BUICK, INC., ET AL., APPELLEES.

(No. L-81-292—Decided April 16, 1982.)

*Mr. Richard Farrer,* for appellant.
*Mr. Robert G. Clayton,* for appellees.

*Per Curiam.* This appeal results from the dismissal of plaintiff's complaint for temporary and permanent injunctions and for damages. Plaintiff filed a complaint against Taylor Buick, Inc. and Stephen D. Taylor, alleging that plaintiff, George P. Ballas Buick-GMC, Inc., in 1977 commenced a large scale advertising promotional program in the Toledo metropolitan area, which involved the erection in the city of Toledo at Interstate 475 and Washington Boulevard, of a billboard which became a familiar design with the motor vehicle buying public in the Toledo metropolitan market. Plaintiff alleged that the defendant, Taylor Buick, Inc., under the direction of defendant Stephen D. Taylor, did, without permission, copy and duplicate the design on the billboard and placed its billboard at Interstate Route 475 and Jackman Road. The plaintiff stated in its complaint that the acts of the defendant constituted unfair competition with plaintiff and were appropriations of the research, design, promotion and skill of the plaintiff, and that defendants committed an unlawful appropriation of plaintiff's property rights in said advertising design and deprived plaintiff of sales and profits to which it was entitled. Plaintiff further alleged that the conduct of the defendants was calculated and designed to unlawfully trade upon the popularity and goodwill created by plaintiff in the Toledo metropolitan area.

The plaintiff copied the familiar Interstate Highway System sign design for the background for some of its billboard advertising. The billboard utilized a rectangular green sign with a white border; the advertising copy appears in white letters. The name "George Ballas" is the most predominant feature of the sign. The Interstate Highway System shield, consisting of red, white and blue colors, is displayed on the green background. On the shield appears the word, "Ohio," in white lettering, and across the lower blue shield, in white lettering, the symbol,

"#1." The Ballas billboard has never been copyrighted nor has any part of it been registered as a service mark.

In 1981 the defendant, Taylor Buick, Inc., erected a billboard utilizing the same rectangular green sign with a white border. Across this green background the Taylor name is prominently displayed. The Taylor sign also utilizes the Interstate Highway System red, white and blue shield. However, in the red shield appears in white lettering the word "Toledo's" and in the lower blue shield following appears in white lettering, "#1." The Taylor sign prominently displays the word "Taylor" and the Buick Hawk. The Buick Hawk had been used on the George Ballas billboard but has now been removed. Plaintiff alleged that the defendant's billboard was painted directly from a photograph of plaintiff's billboard containing the same design concept.

The cause came on for hearing on plaintiff's motion for preliminary injunction and the trial court, after an extensive hearing, filed the following judgment entry:

"It is therefore ORDERED, ADJUDGED and DECREED that the complaint of the plaintiff, George P. Ballas Buick-GMC, Inc., is hereby dismissed with prejudice at the plaintiff's costs."

Thereafter, the plaintiff filed a motion for relief from that judgment on the grounds that Civ. R. 65(B)(2) requires a full trial on the merits unless there was a consolidation of the preliminary hearing with a hearing on the merits. The trial court ruled that since the plaintiff could not show any right to relief, it was appropriate for that court to dismiss the plaintiff's complaint and said court denied plaintiff's motion for relief from judgment. From the judgment of the court the plaintiff has appealed and filed the following assignments of error:

"I. The trial court erroneously relied upon *International Heating Co.* v. *Oliver Gas Burner & Machine Co.,* 288 F. 708 (8th Cir., 1923) as the applicable law in this litigation.

"II. The introduction of evidence showing actual confusion as to the source of a service or one's affiliation, connection, or association with another is sufficient to demonstrate likelihood of confusion for purposes of Section 4165.02 of the Ohio Revised Code.

"III. When defendant imitated the billboard design concept of plaintiff George P. Ballas Buick-GMC Truck, Inc. and caused the likelihood of confusion in the public's mind as to the relationship between plaintiff's and defendant's businesses, defendant committed an actionable tort and may be enjoined from the continued use thereof.

"IV. When at a hearing for a preliminary injunction the plaintiff introduces sufficient evidence to state a claim upon which relief can be granted, the court is without the authority to dismiss plaintiff's complaint absent an order by the court for the merits to be advanced and consolidated with the hearing of the application for the preliminary injunction."

We find all of the foregoing assignments of error not well taken. Rather than repeat the reasoning and citations contained therein, as part of our decision and judgment entry we incorporate the detailed and well-reasoned decision of the trial judge, Judge Francis Restivo. See *George P. Ballas Buick-GMC, Inc.* v. *Taylor Buick, Inc.* (1981), 5 Ohio Misc. 2d 16.

In finding the plaintiff's assignments of error not well taken, we find, as did the trial court, that plaintiff's billboard design was not copyrighted. Under the holding in *Sears, Roebuck & Co.* v. *Stiffel Co.* (1964), 376 U.S. 225, the general rule has been established that a person has a right to copy whatever federal patent and copy laws leave in the public domain. Therefore, the plaintiff's rights were restricted to the Ohio Deceptive Trade Practices Act. R.C.

4165.01 *et seq.*[1] See, also, R.C. 1329.54 for definitions of "trademark" and "service mark."[2]

We agree with the trial court that, upon every advertising billboard the plaintiff's name and other wording are the dominant characteristic and that the plaintiff's service mark, if any, consists of its advertising billboard as a whole.

In *Mr. Gasket Co.* v. *Travis* (1973), 35 Ohio App. 2d 65 [64 O.O.2d 192], that court set forth in paragraph two of the syllabus the following two-part test:

"To entitle the trade dress of a product to protection against a deceptive trade practice under R.C. 4165.03, it must be shown that the competing trade dress either 'causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services,' [R.C. 4165.02(B)] or 'causes likelihood of confusion or misunderstanding as to affiliation, connection or association with * * * another,' [R.C. 4165.02(C)] and it must be estab-

lished that the trade dress has acquired a secondary meaning. There can be no confusion of source without secondary meaning."

The trial court's decision relative to the finding by it of a secondary meaning for plaintiff's billboard or service mark may be equivocal. However, applying the test found in paragraph three of the syllabus of *Mr. Gasket Co.* v. *Travis, supra,* we find that the evidence as to the acquisition of such a secondary meaning did not preponderate in plaintiff's favor, even if plaintiff could appropriate the sign content to its exclusive use:

"To establish the secondary meaning of trade dress, it must be shown that members of the consuming public have come to associate the trade dress with a particular producer; thus source association may be demonstrated by considering the length and manner of use of the trade dress involved, the nature and extent of advertising and promotion of the trade dress, efforts toward promoting a con-

---

[1] "R.C. 4165.01, definitions.

"As used in Chapter 4165 of the Revised Code, unless the context otherwise requires:
"* * *

"(D) 'Mark' means a word, name, symbol, device, or any combination of the foregoing in any form or arrangement.
"* * *

"(F) 'Service mark' means a mark used by a person to identify services and to distinguish them from the services of others.

"(G) 'Trademark' means a mark used by a person to identify goods and to distinguish them from the goods of others.

"(H) 'Trade name' means a word, name, symbol, device, or any combination of the foregoing in any form or arrangement used by a person to identify his business, vocation, or occupation and distinguish it from the business, vocation, or occupation of others."

For the pertinent portion of R.C. 4165.02, see decision of the trial court reported at 5 Ohio Misc. 2d 16.

[2] "[Registration of Trademarks]
"R.C. 1329.54, definitions.

"(A) 'Trademark' means any word, name, symbol, or device or any combination thereof adopted and used by a person to identify goods made or sold by him, and to distinguish them from goods made or sold by others.
"* * *

"(E) A trademark shall be considered 'used' in this state when it is placed in any manner on the goods or their containers or on the tags or labels affixed to the goods or containers and the goods are sold or otherwise distributed in this state.

"(F) 'Service mark' means a mark used in the sale or advertising of services to identify the services of one person and distingish them from the services of others and includes without limitation the marks, names, symbols, titles, designations, slogans, character names, and distinctive features of radio or other advertising used in commerce.

"(G) A service mark shall be considered 'used' in this state when it is used to identify the services of one person and distinguish them from the services of others and the services are sold or otherwise rendered in this state."

scious connection in the minds of the public between trade dress and the particular producer, together with competent customer testimony and/or surveys demonstrating the consumer identification of the product source with the trade dress."

We are likewise convinced that plaintiff has failed to prove a likelihood of confusion on the part of the buying public. In this regard the test is not whether the act by the defendant is, as far as the plaintiff is concerned, reprehensible, but the likelihood of confusion on the part of the buying public. See Annotation, Right to Protection Against Appropriation of Advertising Matter or Methods, 17 A.L.R. 760; and Annotation, Practices Forbidden by State Deceptive Trade Practice and Consumer Protections Acts, 89 A.L.R. 3d 449. We find, as did the trial court, that a reasonably prudent purchaser would not be misled or confused by defendant's advertising billboard. See *Mr. Gasket Co.* v. *Travis, supra,* at pages 72 and 77. We find, as did the trial court, that *International Heating Co.* v. *Oliver Oil Gas Burner & Machine Co.* (C.A. 8, 1923), 288 F. 708, is the applicable law to this case. Appellant asserts that in that case the court dealt with printed advertisements, whereas in the case *sub judice* we are dealing with billboards and, therefore, the *International Heating Co.* case rationale is inapplicable. We find, however, that the principle involved in that case, that is, the fact that the plaintiff's and defendant's names were prominently displayed in the advertisements, thereby precluding any likelihood of confusion, is applicable to the case *sub judice.* As to the second and third assignments of error, we find, as a matter of law, no reasonably prudent purchaser can be misled or confused by defendant's advertising billboard and, therefore, the plaintiff cannot establish a claim for unfair competition.

As to the fourth assignment of error, it was recognized by the trial court, as it is indeed recognized by the appellees, that it is generally improper for a court to dispose of a case on the merits following a hearing for preliminary injunction without consolidating that hearing with a hearing on the merits or otherwise giving notice to counsel that the merits would be considered; but here the evidence, after an extensive hearing, "does not reveal any conflict of material fact that justifies a full trial on the merits." 11 Wright and Miller, Federal Practice and Procedure 490, Section 2950. See, also, *Standard Oil Co. of Texas* v. *Lopeno Gas Co.* (C.A. 5, 1957), 240 F. 2d 504; *Bright* v. *Nunn* (C.A. 6, 1971), 448 F. 2d 245. The action of the trial court was proper in the dismissal of the plaintiff's complaint.

The judgment of the Court of Common Pleas of Lucas County is affirmed at appellant's costs and cause is remanded for execution for costs.

*Judgment affirmed.*

CONNORS, P.J., POTTER and DOUGLAS, JJ., concur.