787 P.2d 1255

**Ernest THOMPSON Fine Furniture Maker, Inc., a New Mexico Corporation, Plaintiff–Appellee,**

v.

**Tim YOUART and Jai Youart, d/b/a "Schelu," Defendants–Appellants.**

**No. 11459.**

Court of Appeals of New Mexico.

Feb. 6, 1990.

David J. Berardinelli, Berardinelli & Martinez, Santa Fe, for plaintiff-appellee.

Barbera W. Stephenson, Barbera W. Stephenson, P.C., Albuquerque, for defendants-appellants.

## OPINION

BIVINS, Chief Judge.

Defendants own the Schelu gallery in Albuquerque's Old Town. The gallery sells southwestern style furnishings. In 1982, defendants began selling the furniture plaintiff designed and manufactured. Defendants used photographs of plaintiff's furniture in their advertisements. In 1988, defendants decided to carry a new line of furniture in place of plaintiff's furniture. Defendants based this decision on problems with receiving special orders from plaintiff and the placement of advertisements by plaintiff which competed with defendants' advertisements. Defendants advertised the decision to carry the new line of furniture in a radio announcement. The new line of furniture sold by defendants was similar to plaintiff's.

Plaintiff filed a petition, complaint, and order to show cause why defendants should not be enjoined from selling the new line of furniture. Plaintiff alleged violation of common law copyright, unfair competition, and unfair trade practices. The complaint sought an injunction and damages. Defendants filed a motion to dismiss due to lack of subject matter jurisdiction on the basis that the main question was one of copyright, which is under the exclusive jurisdiction of the federal courts. Prior to the combined hearing on the motions, plaintiff filed an amended complaint dropping his copyright claim.

At the motions hearing, plaintiff presented expert testimony to show that a person who had seen plaintiff's furniture would assume that the new line of furniture was also made by plaintiff. Defendants introduced evidence to show that many of plaintiff's designs have been used historically on colonial southwestern furniture.

The district court issued a letter ruling, in which it found that the furniture designs had aesthetic value belonging to plaintiff and deserved some degree of protection. The court informed the parties that it intended to grant a temporary restraining

order prohibiting defendants from selling furniture deceptively similar to that of plaintiff. It based jurisdiction on the court's duty to prevent trade practices which are unfair or overreaching. A presentment hearing was held to decide the wording of the restraining order. At the hearing, defendants also filed a motion to certify the order for interlocutory appeal.

The district court made findings of fact and conclusions of law and certified the order for interlocutory appeal. The court found that this action was not preempted by federal law. The court also found that this was a case of common law unfair trade practices, and the issue was one of first impression in New Mexico. The matter of damages was not heard. This court granted defendant's application for interlocutory appeal.

The issues before us are (1) whether plaintiff has a right to prevent defendants from selling furniture "deceptively similar" to that of plaintiff where plaintiff has no copyright on the furniture or contract with defendants to sell plaintiff's furniture exclusively; and (2) whether plaintiff's claim that defendants should be prevented from selling furniture similar to plaintiff's is preempted by federal law. These two issues are so closely related that we discuss them under one heading. We conclude that the protection plaintiff seeks is protection against copying designs and that his claim is preempted by federal law.

We reverse and remand the case to the district court.

*Discussion*

■ Rights that are equivalent to any of the exclusive rights within the subject matter of copyright are governed by the Copyright Act of 1976. 17 U.S.C.A. § 301 (West 1977 & Supp.1989). Those rights governed by federal copyright law are under the exclusive jurisdiction of the federal courts. 28 U.S.C.A. § 1338 (West 1976 & Supp.1989). Works that do not enjoy the protection of a copyright are in the public

domain and, absent a valid claim of unfair competition under state law, may be freely copied. *Towle Mfg. Co. v. Godinger Silver Art Co.,* 612 F.Supp. 986 (S.D.N.Y.1985); *see Compco Corp. v. Day-Brite Lighting, Inc.,* 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964); *Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905 (2d Cir.1980). Imitation of items in the public domain is to be encouraged in order to permit " 'the normal operation of supply and demand to yield the fair price society must pay' " for a product. *Towle Mfg. Co. v. Godinger Silver Art Co.,* 612 F.Supp. at 993 (quoting *Gemveto Jewelry Co. v. Jeff Cooper, Inc.,* 568 F.Supp. 319, 334 (S.D.N.Y.1983)).

■ In order to avoid preemption by federal law, a state claim must go beyond the rights protected by copyright. *Towle Mfg. Co. v. Godinger Silver Art Co.,* 612 F.Supp. at 995. To be governed by state law, the claim must have a fundamentally different element than those elements protected by copyright law. *See Financial Information, Inc. v. Moody's Investors Serv.,* 808 F.2d 204 (2d Cir.1986), *cert. denied,* 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987).

Plaintiff in this case dropped his copyright claim. He claims that the relationship of the parties to each other and the product provides the extra element which defines this cause of action as common law unfair competition. Plaintiff claims that, in light of the long-standing relationship, the copying of his designs constitutes palming off because the conduct by defendants was a continuing representation that the furniture being sold in their gallery was plaintiff's furniture.

Although the trial court and the parties argue that this is a case of common law unfair competition, we are not able to distinguish the claim from a claim under the Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -22 (Repl.Pamp.1987 & Cum.Supp. 1989). The New Mexico act is modeled after the Uniform Deceptive Trade Practices Act, 7A U.L.A. 265 (1985). *See* Comment, § 57-12-1. The prefatory note to

the Uniform Deceptive Trade Practices Act observes that unfair trade practices were commonly referred to as "unfair competition." The Uniform Deceptive Trade Practices Act was designed to bring uniformity to the law of unfair competition and to remove undue restrictions on the common law action for deceptive trade practices. Uniform Deceptive Trade Practices Act, Prefatory Note.

■ The relevant elements for a claim under this act are (1) a false or misleading representation (2) knowingly made (3) in connection with the sale of goods or services (4) in the regular course of trade or commerce (5) which may, tends to, or does deceive or mislead any person. *See* § 57–12–2(C).

Two examples of unfair or deceptive trade practices are (1) representing goods or services as those of another when the goods or services are not the goods or services of another; and (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services. *See* § 57–12–2(C)(1), (2).

■ We conclude that the former example is the statutory codification of the common law doctrine of "palming off" or "passing off." The latter example is closely related. The difference between palming off and causing confusion as to source is not distinct. Palming off is an attempt to make a purchaser believe that a product of a subsequent entrant is that of his better-known competitor, and, as related to creating confusion among purchasers as to the source of the product, palming off is simply a direct and more flagrant means of misleading purchasers. *Pezon Et Michel v. Ernest R. Hewin Assocs.*, 270 F.Supp. 423 (S.D.N.Y.1967); *see Warner Bros. v. American Broadcasting Cos.*, 720 F.2d 231 (2d Cir.1983). Under the New Mexico statute, the misrepresentation must be knowingly made. § 57–12–2(D). For palming off, plaintiff must clearly prove that defendants represented goods as plaintiff's; to prove that a competitor created confusion, plaintiff must show that the public was deceived as to the source of the product. *See Day–Brite Lighting, Inc. v. Sandee Mfg. Co.*, 286 F.2d 596 (7th Cir. 1960), *cert. denied*, 366 U.S. 963, 81 S.Ct. 1925, 6 L.Ed.2d 1255 (1961).

Cases on palming off involve active misrepresentation of the source of the product. *See Bentley v. Sunset House Distrib. Corp.*, 359 F.2d 140 (9th Cir.1966); *Day–Brite Lighting, Inc. v. Sandee Mfg. Co.; Zangerle & Peterson Co. v. Venice Furniture Novelty Mfg. Co.*, 133 F.2d 266 (7th Cir.1943); *Gardenia Flowers, Inc. v. Joseph Markovits, Inc.*, 280 F.Supp. 776 (S.D. N.Y.1968); *Pezon Et Michel v. Ernest R. Hewin Assocs.* The essence of the wrong in palming off is in the misrepresentation as to the source. *See Zangerle & Peterson Co. v. Venice Furniture Novelty Mfg. Co.*

■ There was no misrepresentation made by defendants in this case. To the contrary, the announcement of the switch in furniture lines demonstrates that defendants did not attempt to misrepresent the source of the furniture. Defendants in this case may have knowingly copied the designs used by plaintiff, but there is no evidence to show that defendants knowingly misrepresented the new line of furniture to be the work of plaintiff.

Defendants announced that they would be carrying a new line of furniture made in Mexico. The new line of furniture was labeled with the country of origin. There was no active misrepresentation by defendants to confuse the public as to the source of the goods. Defendants did not use products made by plaintiff in their advertisements after they began carrying the new line of furniture. There was no evidence that defendants misrepresented the source of the furniture. There was no evidence to show that the public was actually deceived as to the source of the furniture.

■ If plaintiff has no exclusive right to a product or to use designs, then mere copying by another does not constitute unfair competition. *Gardenia Flowers, Inc.*

*v. Joseph Markovits, Inc.* In this case, there was evidence to show that the design elements used by plaintiff in his furniture were a part of the history of New Mexico and not the exclusive property of plaintiff. Although the lower court found that the design combinations used by plaintiff were unique, the evidence was insufficient to support that finding.

Although protection is available, the designs used by plaintiff and defendants were not protected by patent or copyright. Mere inability of the public to tell two identical articles apart is not enough to support an injunction against copying that which federal patent law permits to be copied. *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 232, 84 S.Ct. 784, 789, 11 L.Ed.2d 661 (1964). Absent patent or copyright protection, plaintiff's designs are in the public domain and can be copied. *See Compco Corp. v. Day–Brite Lighting, Inc.* Additionally, the goodwill of a product that is unpatented is in the public domain. *See Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73 (1938). Therefore, the designs used by plaintiff were in the public domain, and defendants could freely copy those designs.

In cases of unfair competition, states may require that goods be labeled or that other precautionary steps be taken to prevent customers from being misled as to the source of a product. *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. at 232, 84 S.Ct. at 789; *see Towle Mfg. Co. v. Godinger Silver Art Co.* (the presence of a name goes far to eliminate confusion, even if it is not visible in advertisement); *Sublime Prods., Inc. v. Gerber Prods., Inc.*, 579 F.Supp. 248 (S.D.N.Y.1984) (court ordered clear labeling when the inequity of a free ride by defendant was overbalanced by the policy for encouraging competition); *American Safety Table Co. v. Schreiber*, 269 F.2d 255 (2d Cir.) (court found that some confusion as to source is inherent in imitation and ordered defendant to label or distinguish his product), *cert. denied*, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185 (1959).

State action in deceptive trade practices law has been restricted by court interpretation of federal copyright law to regulating such matters as trade dress, labeling, and passing off to prevent source confusion. *George P. Ballas Buick–GMC, Inc. v. Taylor Buick, Inc.*, 5 Ohio Misc.2d 16, 449 N.E.2d 805 (Ct.App.1981), *aff'd*, 5 Ohio App.3d 71, 449 N.E.2d 503 (1982). A state may not prohibit copying of articles, but may protect businesses in their use of labels, or distinctive dress, in the packaging or advertising of such articles so as to prevent others from misleading purchasers as to the source of the article. *Id.*

This is not a case involving a state claim of unfair competition. The protection sought by plaintiff is protection against copying designs. The right to prevent copying is not a different right than those protected by federal copyright law. Therefore, this claim is preempted by federal law and under the exclusive jurisdiction of the federal courts. With no evidence to support the claim under the Unfair Practices Act, the temporary restraining order must be set aside.

Defendants argue that they are entitled to costs and attorney fees. Costs and attorney fees are available where permitted by law. SCRA 1986, 12–403(B)(3). Defendants have cited no authority for the payment of costs and attorney fees. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984). Therefore, the request for costs and attorney fees is denied.

*Conclusion*

We reverse and remand this case to the district court with instructions to set aside the restraining order and enter a judgment dismissing plaintiff's complaint.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.