970 P.2d 954

**FAIRWAY CONSTRUCTORS, INC., and Ludwig Engineering, Inc., Plaintiffs–Appellants,**

v.

**Frank AHERN and Jane Doe Ahern, husband and wife, dba Frank Ahern Construction, Defendants–Appellees.**

No. 1 CA–CV 97–0484.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 11, 1998.

Review Denied Jan. 12, 1999.

Anderson Law Offices by Michael C. Anderson, Bullhead City, for Appellants.

Scholz & Scholz by Richard L. Scholz, Bullhead City, for Appellees.

OPINION

NOYES, Judge.

¶ 1 Fairway Constructors, Inc. ("Fairway") and Ludwig Engineering, Inc. ("Ludwig") sued Frank Ahern, d.b.a. Frank Ahern Construction ("Ahern"), for unfair competition based on Ahern's use of a home design that was copyrighted by Ludwig and licensed to Fairway. The trial court dismissed the complaint on grounds of federal preemption, and it awarded attorneys' fees to Ahern. We affirm the dismissal and reverse the award of attorneys' fees.

## I.

¶ 2 Fairway and Ahern are home builders in Mohave County. Ludwig owns the copyright on the design of a home that Fairway builds and markets under a license from Ludwig. Ahern has no such license. The complaint alleged that Ahern used the Ludwig design in three homes, and that Fairway and Ludwig were damaged by the "wrongful misappropriation of intellectual property, copyright infringement, improper passing off and/or imitation by Defendants of Plaintiffs' design." The complaint sought compensatory damages, punitive damages, and Ahern's profits from using Ludwig's design.

¶ 3 Ahern moved to dismiss on grounds the action arose under the Copyright Act of 1976, 17 U.S.C. §§ 101 to 1101, and was therefore within the exclusive original jurisdiction of federal court. *See* 28 U.S.C. § 1338(a). Fairway moved to amend the complaint, but the trial court granted Ahern's motion to dismiss, effectively denying the motion to amend.

¶ 4 Ahern requested an award of attorneys' fees, citing "A.R.S. 12–341.01" as authority. Plaintiffs opposed the request on grounds the action did not arise out of a contract. The ensuing minute entry cited no statute but advised that the trial court, "in its discretion, allows attorneys' fees in the amount of $1,300."

¶ 5 Fairway appealed from the dismissal, the denial of the motion to amend, and the award of attorneys' fees. Ludwig appealed from the award of attorneys' fees. We have jurisdiction pursuant to Arizona Revised

**124**

Statutes Annotated section 12–2101(B) (1994).

## II.

¶ 6 We conduct de novo review of an order dismissing a complaint for lack of subject matter jurisdiction. *In re Marriage of Crawford*, 180 Ariz. 324, 326, 884 P.2d 210, 212 (App.1994).

¶ 7 Fairway cannot sue Ahern in federal court for copyright infringement because Fairway is not an exclusive licensee of the Ludwig design. *See Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 32 (2d Cir.1982) (stating that federal law authorizes only copyrights owners and exclusive licensees to sue for copyright infringement); *Althin CD Med., Inc. v. West Suburban Kidney Ctr.*, 874 F.Supp. 837, 842 (N.D.Ill.1994) (stating that non-exclusive licensee cannot sue for copyright infringement).

¶ 8 Fairway argues that it can sue Ahern in state court for unfair competition based on misappropriation and "palming off." Ahern counters that Fairway's claim is nothing more than a copyright infringement claim and is therefore preempted. We agree that an unfair competition claim is preempted unless it alleges elements that make it qualitatively different from a copyright infringement claim. *Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 267 Cal.Rptr. 787, 794 (1990).

¶ 9 The common law doctrine of unfair competition is based on principles of equity. *House of Westmore, Inc. v. Denney*, 151 F.2d 261, 265 (3d Cir.1945); *Metropolitan Opera Ass'n v. Wagner–Nichols Recorder Corp.*, 199 Misc. 786, 101 N.Y.S.2d 483, 488 (1950). The general purpose of the doctrine is to prevent business conduct that is "contrary to honest practice in industrial or commercial matters." *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir.1974). The doctrine encompasses several tort theories, such as trademark infringement, false advertising, "palming off," and misappropriation. W. Page Keeton et al., Prosser and Keeton on the Law of Torts 130 at 1013–30 (5th ed.1984). "At best, copyright preempts only some of the claims in-

cluded in the term 'unfair competition.'" *Balboa*, 267 Cal.Rptr. at 795.

¶ 10 "[T]he central tort in unfair competition at common law is known as 'palming off,' or 'passing off.' It consists in a false representation tending to induce buyers to believe that the defendant's product is that of the plaintiff...." Keeton, supra, at 1015; *see also Thompson v. Youart*, 109 N.M. 572, 787 P.2d 1255, 1259 (App.1990) (and cases cited therein) (noting that the essence of "palming off" is active misrepresentation as to the source of a product). A properly stated "palming off" claim is not preempted by federal law. *See Ippolito v. Ono–Lennon*, 139 Misc.2d 230, 526 N.Y.S.2d 877, 882 (Sup.1988) (finding no preemption for activities such as "passing off"); *see also Warner Bros. v. American Broadcasting Cos.*, 720 F.2d 231, 247 (2d Cir.1983) (stating that "passing off" is not preempted); *Towle Mfg. Co. v. Godinger Silver Art Co.*, 612 F.Supp. 986, 995 (D.C.N.Y.1985) (finding no preemption to the extent that "palming off" claims go beyond or are not equal to copyright rights); *George P. Ballas Buick–GMC, Inc. v. Taylor Buick, Inc.*, 5 Ohio Misc.2d 16, 449 N.E.2d 805, 807 (1981) (noting that a state may not regulate copying, but it may regulate "passing off" to prevent confusion).

¶ 11 The only Arizona case on "palming off" is *Kaibab Shop v. Desert Son, Inc.*, 135 Ariz. 487, 487–88, 662 P.2d 452, 452–53 (App. 1982). There, defendants marketed distinctive boots that looked like boots originally marketed by plaintiff. The trial court found that plaintiff's boots had acquired special significance and that defendants' copies caused public confusion. *Id.* at 488, 662 P.2d at 453. The court enjoined defendants from manufacturing these boots unless they took reasonable steps to label them as their own. *Id.* The court also awarded lost-profit damages to plaintiffs. *Id.*

¶ 12 In deciding that "confusion" damages were preempted and "palming off" damages were not, the court of appeals discussed *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), and *Compco Corp. v. Day–Brite Lighting, Inc.*,

376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964):

> The *Sears* and *Compco* cases clearly hold that federal patent laws prevent a state from prohibiting the copying and selling of unpatented articles and the fact that confusion may exist concerning the maker of an article does not provide grounds for an exception to this rule.

*Id.* at 489, 662 P.2d at 454. The court noted, however, that

> [a] state of course has power to impose liability upon those who, knowing that the public is relying upon an original manufacturer's reputation for quality and integrity, deceive the public by palming off their copies as the original....

*Id.* at 488, 662 P.2d at 453 (quoting *Compco*, 376 U.S. at 238, 84 S.Ct. 779).

¶ 13 In *Kaibab*, the court found no evidence of "palming off," and it concluded that awarding damages for public confusion alone would conflict with federal patent and copyright law. *Id.* at 489, 662 P.2d at 454. However, the court held that "where the product has acquired a special significance whereby the public identifies it as the original maker's and confusion has resulted [from defendant's product] causing damage to the business of the original maker the court may impose a reasonable labeling requirement on the copier." *Id.* at 490, 662 P.2d at 455.

■ ¶ 14 Fairway's proposed amended complaint did not seek a labeling requirement or other injunctive relief, and it made no allegations that Ahern was deceiving the public, or that the public was buying Ahern homes in reliance on Ludwig or Fairway's reputation. The gist of both the original and the proposed amended complaint was that Fairway was damaged by Ahern's misappropriation of the Ludwig design. In its prayer for relief, Fairway requested punitive damages and judgment against Ahern "in the full amount of Plaintiffs' damages plus any profits realized by Defendants through their misappropriation of Plaintiffs' design."

¶ 15 If Fairway stated a valid "passing off" claim regarding the Ludwig design, it could prosecute that action even though it held only a non-exclusive license to use that design. *See Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 159–63 (1st Cir. 1977) (affirming award of injunctive relief in favor of nonexclusive licensee on common law unfair competition claim); *see also Brody v. Charles F. Hubbs & Co.*, 11 F.R.D. 337, 338–39 (S.D.N.Y.1951) (holding that owner of patents under which plaintiffs sued as nonexclusive licensees for unfair competition was not an indispensable or necessary party). But Fairway's proposed amended complaint did not state a valid "passing off" claim; it stated a misappropriation claim, which is preempted.

■ ¶ 16 The common law doctrine of "misappropriation" originated in *International News Service v. Associated Press*, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211 (1918). *Balboa*, 267 Cal.Rptr. at 795. "It is normally invoked in an effort to protect something of value that is not covered either by patent or copyright law...." *Id.* (citations omitted). Misappropriation involves the unfair taking for profit, at little or no cost, of property acquired by another through investment of substantial time and money. *Id.* The trial court correctly decided that Fairway's misappropriation claim is preempted by federal law. *See Warner Bros.*, 720 F.2d at 247 (holding that "state law claims that rely on the misappropriation branch of unfair competition are preempted"); *see also Durham Ind., Inc. v. Tomy Corp.*, 630 F.2d 905, 918–19 (2d Cir.1980) (finding preemption where claim sought protection against copying); *Balboa*, 267 Cal.Rptr. at 803 (finding preemption where misappropriation claim added no element other than those asserted in copyright infringement claim); *Ippolito*, 526 N.Y.S.2d at 883 (holding that misappropriation claims are preempted). We therefore conclude that the trial court did not err in dismissing the original complaint and in effectively denying Fairway's motion to file the proposed amended complaint.

### III.

■ ¶ 17 The trial court awarded attorneys' fees to Ahern, apparently pursuant to A.R.S. section 12–341.01(A), which allows a discretionary award of fees in "any contested action arising out of a contract." No basis

exists for this award because, as we stated when reversing a similar award in a similar case, "[t]his was not an action arising out of contract." *Kaibab*, 135 Ariz. at 490, 662 P.2d at 454. This lawsuit arose out of tort, namely, Ahern's allegedly unfair competition with Fairway and Ludwig. Because the complaint against Ahern has nothing to do with any contract involving Ahern, section 12–341.01(A) is inapplicable. *See Morris v. Achen*, 155 Ariz. 512, 514, 747 P.2d 1211, 1213 (1987) (reversing fee award because "the parties to the litigation are not parties to the contract, and there is no contention, as between them, that any contract is invalid.") That Fairway and Ludwig have a contract with each other is beside the point; the question is whether the unfair competition claims arose out of a contract involving Ahern, and they did not. *See Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982) (denying fee award because misrepresentation claim "sounds mainly in tort and its existence does not depend upon a breach of the contract").

¶ 18 Ahern argues that Fairway's attorney should be sanctioned for filing a clearly preempted copyright claim. The trial court did not impose sanctions, and we decline to do so on appeal, for the appeal raised several fairly debatable legal issues.

### IV.

¶ 19 The order of dismissal is affirmed and the award of attorneys' fees is reversed as to both Fairway and Ludwig.

WEISBERG, P.J., and VOSS, J., concur.