### FRANK L. SHIELDS v. JOSEPH STERRAT.

Submitted December 5, 1908—Decided February 23, 1909.

The plaintiff, a real estate agent, without a written agreement that the seller would pay commissions if the agent procured a purchaser for real estate, called the attention of a person, who subsequently purchased, to the property and induced him to consider the matter, and he purchased the property from the vendor without further action on the part of the agent who rendered no further service in the matter. After he had seen the purchaser and called his attention to the property, the agent obtained from the vendor a written promise to pay commissions if he brought about a sale. *Held*, that as no service was rendered by the agent after the written agreement was executed, the written contract was nothing more than a subsequent promise to pay for services already rendered, and having no consideration to support it, falls within the rule laid down in *Stout* v. *Humphrey*, 40 *Vroom* 436.

On appeal from the First District Court of Newark.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff, *Frank A. Boettner.*

For the defendant, *Joseph A. Connolly.*

The opinion of the court was delivered by

BERGEN, J.   This action is based upon a written contract dated May 25th, 1908, which reads as follows:

"I, Joseph Sterrat, of the township of Nutley, N. J., agree to give to F. L. Shields the sum of four hundred dollars

($400), provided the sale of a ten (10) acre farm, located west and north of the Atwater Realty Company, is made by J. E. Finger or F. L. Shields, at agreed price of fifty-four hundred dollars ($5,400).

"JOSEPH STERRAT."

It appears from the state of the case sent up by the trial court that on May 24th, which was Sunday, the plaintiff was authorized, orally, by the defendant, to secure a purchaser for the lands described in the contract, and that on the same day he called upon the president of the realty company and offered the land to him; that the president of the proposed purchaser promised to consider the matter and let the plaintiff know whether or not the company would buy by the following Tuesday; that on Monday, May 25th, the plaintiff telephoned to the defendant that he desired a written contract; that this contract was written and signed by the defendant and mailed to the plaintiff May 26th; that without further communication with the plaintiff Mr. Atwater, the president of the realty company, went to the defendant on May 26th, 1908, and purchased the property. There was a motion for a nonsuit and also for a finding in favor of the defendant; both motions were refused, and there was a judgment for the plaintiff, which the defendant seeks to reverse by this appeal.

Two reasons were urged by the appellant, the defendant below, upon the argument of this appeal. *First,* that the judge upon the trial admitted the contract in evidence, although the execution thereof by the defendant was not proven. It is sufficient to say on this point that there was no subscribing witness, and the paper being shown to Mr. Sterrat, he admitted that he wrote and signed the contract and then mailed it to the plaintiff.

The *second* objection urged is that there should have been a nonsuit because the contract was made after the services had been rendered. It appears that at the time the plaintiff called upon Mr. Atwater there was no written contract or agreement between the plaintiff and the defendant for com-

pensation or commissions upon the sale of this real estate, and that the agreement was made by the purchaser with the owner without again seeing the plaintiff, so that whatever the plaintiff did towards bringing about this sale was done on Sunday, and before there was any written contract for commissions as required by law, and if the plaintiff is entitled to recover anything it is because, on the 24th day of May, before the contract upon which he relies had been executed, he had called the attention of a purchaser to the property, who did afterwards purchase it, so that this contract was a subsequent promise to pay for services already rendered, and falls within the ruling in *Stout* v. *Humphrey,* 40 *Vroom* 436. It can make no difference whether the subsequent promise to pay is in writing or oral, if there was no consideration for the agreement. It therefore follows that the plaintiff was not entitled to recover, and that the nonsuit should have been allowed. For this reason the judgment below is reversed.