HERSHHORN ET AL., APPELLEES, *v.* VIERECK ET AL., APPELLANTS.

(No. 85AP-303—Decided October 17, 1985.)

*Carlile, Patchen, Murphy & Allison* and *Alan F. Berliner,* for appellees.

*John R. Schickler,* for appellants.

NORRIS, J. Defendants appeal from a judgment granting plaintiffs specific performance of a contract for the sale of real property, and preliminary and permanent injunctions.

On March 8, 1985, plaintiffs filed a complaint alleging that defendants entered into a contract with plaintiffs to sell them five parcels of real property, and that defendants were in breach of the contract for failure to convey the properties. The complaint also alleged that defendants had breached their agreement to pay a real estate commission to two of the plaintiffs, and that defendants intended to sell the property to third persons for a higher price. Plaintiffs sought injunctive relief to prevent a sale to others, specific performance of the contract, the real estate commission, and money damages for plaintiffs' expenses.

A temporary restraining order enjoining sale to others was granted plaintiffs that same day, and a hearing was scheduled for March 20 on plaintiffs' application for a preliminary injunction.

On March 20, the trial court signed an order that "the trial of this action on the merits is advanced and consolidated with the hearing on the motion of plaintiffs for preliminary injunction," and, after a hearing, granted final judgment to plaintiffs.

Defendants raise two assignments of error:

"1. The trial court erred to the prejudice of the defendant-appellants in ordering consolidation of the hearing on preliminary injunction with trial on the merits and advancing it for trial.

"2. The trial court erred to the prejudice of the defendant[s] when it ordered specific preformance [sic] of a contract which is unforceable [sic] because of its indefiniteness."

In advancing the trial on the merits, the trial court purported to act pursuant to Civ. R. 65(B)(2), which reads as follows:

"Consolidation of hearing with trial on merits. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (B)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury."

The manifest purpose and proper application of the rule is to conserve the time and resources of the court and of litigants where, in an action whose only ultimate objective is a permanent injunction, the same evidence will be applicable in both the preliminary and merit stages of the cause. See McCormac, Ohio Civil Rules Practice (1970) 350, Section 14.10. The rule is not intended to permit a trial court to advance, consolidate, and try claims and issues that differ from those which are unique to the application for a preliminary injunction.

And, even where the sole, ultimate issue is entitlement to a permanent injunction, it is improper to enter judgment on the merits, immediately following a consolidated hearing, if the time has not yet expired for the defendant to answer. The rule permits use of the evidence produced at the consolidated hearing to determine the merits of the case; unless the answer raises issues which were not addressed by that evidence, the trial court will be in a position to render judgment once the defendant has had an opportunity to answer.

Here, the issues unique to consideration of a preliminary injunction were not identical with those raised by the allegations of the complaint for consideration at the merit stage of the action. Under the circumstances of this case, the justifiable objective of injunctive relief was maintenance of the status quo — to prevent sale of the property until the merits of plaintiffs' breach of contract claim could be litigated. The ultimate relief sought by plaintiffs was specific performance and damages, not injunctive relief. Although defendants, who received notice of a hearing on an application for preliminary injunction, were expected to respond at the hearing to the issues raised by the application for a preliminary injunction, they could not be expected to defend on the claims raised by the complaint for specific performance and damages.

Accordingly, the assignment of error is sustained to the extent that the trial court conducted a trial of the action on the merits; in view of the posture of this case, on March 20 the court was in a position to determine only the application for a preliminary injunction.

In light of our disposition of the first assignment of error, and the impropriety of requiring defendants to defend on the merits prior to the expiration of the

244

time permitted them to answer plaintiffs' complaint, the second assignment of error is also sustained.

The assignments of error are sustained, and the judgment of the trial court is reversed. This cause is remanded to the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed and cause remanded.*

REILLY, P.J., and MCCORMAC, J., concur.