**MICHEL, Appellant, et al.**

v.

**BUSH et al., Appellees.**

[Cite as *Michel v. Bush* (2001), 146 Ohio App.3d 208.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 01CA0007.

Decided Sept. 26, 2001.

*Joy S. Wagner,* for appellant.

*William M. Sremack,* for appellees.

———

WHITMORE, Judge.

Appellant Donald Michel has appealed an order of the Wayne County Common Pleas Court that entered summary judgment in favor of appellees Betty and Frank Bush. This court affirms.

I

Betty and Frank Bush owned the real estate located at 60 North Portage Street in Doylestown, Ohio. Two structures were situated on the property: an office and another unoccupied building. During the autumn of 1989, Donald Michel, on behalf of himself and Amanda Enterprises, Inc., and the Bushes executed a written rental agreement ("the Agreement") for the unoccupied building. Pursuant to the Agreement, Michel was to lease the property for the purpose of operating a video store and tanning salon. The Agreement set forth a month-to-month tenancy, at $250 per month. Thereafter, Michel improved the premises and undertook business.

During 1993, Michel approached the Bushes about purchasing the property. However, when Frank suggested several purchase arrangements, Michel failed to present an offer on the property. Three years later, during November 1996, Michel again spoke with the Bushes about the possibility of a sale. Michel presented them with a 1995 appraisal of the premises. During May 1997, the Bushes sold the property to a third party, the B&S Group.

Michel and Amanda Enterprises, Inc. filed a complaint in the Wayne County Common Pleas Court, naming the Bushes as defendants. The complaint contained claims for breach of contract, promissory estoppel, and unjust enrichment. Indeed, Michel alleged that the Agreement contained an "option" to purchase the property. The Bushes filed an answer, denying that the lease contained any clause purporting to give Michel rights with regard to the purchase of the premises. They also claimed that a copy of the Agreement no longer existed, to the best of their knowledge.

The Bushes then deposed Michel. During his deposition, Michel stated that the "option" read, "First right of refusal on purchase of said property[.]" He also averred that that provision meant that if the Bushes decided to sell the property, they had an obligation to offer it to Michel at a predisclosed price before ever offering it to a third-party.

The Bushes moved for summary judgment. In their motion, they conceded that the Agreement had been reduced to writing but claimed that the document or a copy of the same no longer existed. As such, they suggested that the Statute of Frauds prevented the case from proceeding as to the alleged "option/right of first refusal." Next, they argued that Michel could not introduce evidence of the Agreement's terms other than the document itself. They further argued that Michel could not enforce his so-called "option/right of first refusal" because even the terms of his version of the Agreement were vague and

uncertain.[1] In essence, they claimed a lack of mutual assent as the result of Michel's misunderstanding of his legal rights under the Agreement, to wit, his belief that a "right of first refusal" provision operates like an option. The Bushes relied on, among other things, their own affidavits and Michel's deposition to support their arguments.

Michel filed a response to the motion for summary judgment, asserting that the Statute of Frauds did not bar his claims because the Bushes admitted that their agreement had been reduced to writing. He also argued that his proffered terms of the Agreement were not so vague or uncertain that they could not be enforced. To support his brief, Michel relied on his own deposition and a self-serving affidavit.

Ultimately, the trial court granted the Bushes' motion and entered summary judgment in their favor. The court dismissed Michel's complaint and specifically held that (1) Michel's claims were barred by the Statute of Frauds, and, in the alternative, (2) assuming that the Statute of Frauds did not apply, the alleged terms of Agreement were so vague and uncertain that Michel's option or "right of first refusal" claim was unenforceable. Michel timely appealed, asserting three assignments of error.[2]

## II

### Summary Judgment Standard

In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293–294, 662 N.E.2d 264. Then, and only then, is there a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. *Id.* at 294, 662 N.E.2d 264. Summary judgment is appropriate only when a court is satisfied that there is no genuine issue as to any

---

1. The Bushes also advanced two other arguments that have not been raised on appeal. Thus, this court need not address them.

2. This court notes that Amanda Enterprises, Inc. has not brought an appeal from the trial court's order. Moreover, Michel has failed to advance any argument with regard to his claims for promissory estoppel and unjust enrichment on appeal. Hence, the only issues before this court relate to his breach of contract claim.

material facts, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Leigh v. State Emp. Relations Bd.* (1996), 76 Ohio St.3d 143, 144, 666 N.E.2d 1128.

First Assignment of Error

"The trial court erred in finding that the Statute of Frauds barred [Michel's] claims."

In his first assignment of error, Michel has claimed that the trial court incorrectly determined that the Statute of Frauds barred the prosecution of his claim. Specifically, he has argued that the Statute of Frauds bars claims based only upon oral agreements regarding the sale of a property interest, and, because the Agreement herein was admittedly in writing, the trial court's determination to that end was in error. This court disagrees.

Ohio's Statute of Frauds is found at R.C. 1335.05. That statute provides:

"No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, * * * or interest in or concerning them, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith[.]" R.C. 1335.05.

Taking the plain language of the statute, it is clear that a claim regarding any interest in land, *e.g.,* a right of first refusal, cannot be brought, as a matter of law, unless the agreement pertaining thereto was reduced to writing, signed by the party to be charged, and produced. See *Palmentera v. Marino* (Oct. 15, 1997), Summit App. 18202, unreported, at 7, 1997 WL 669740 (affirming the grant of summary judgment in favor of a defendant when plaintiff failed to produce written evidence of an alleged interest in property); see, also, *Salmons v. Bowers* (Sept. 3, 1999), Columbiana App. No. 97–CO–31, unreported, 1999 WL 771279, at * 7 ("The Statute of Frauds provides that certain agreements, by statute, must be evidenced by a writing signed by the parties sought to be bound.").[3]

Moreover, it is important to note the purpose of the Statute of Frauds:

"This statute serves to ensure that transactions involving a transfer of realty interests are commemorated with sufficient solemnity. A signed writing provides greater assurance that the parties and the public can reliably know when such a transaction occurs. It supports the public policy favoring clarity in

---

3. This court recognizes that certain exceptions to this broad rule exist. However, none have been argued or present themselves in this case.

determining real estate interests and discourages indefinite or fraudulent claims about such interests." *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 348, 16 OBR 391, 476 N.E.2d 388.

 In this case, there is no dispute that an agreement regarding a mere leasehold interest was in writing. However, the present dispute is not over the lease agreement[4]; rather, the issue is whether an interest, to wit, the alleged option/right of first refusal, was reduced to writing. Michel has alleged and sworn that the alleged option/right of first refusal was written in the margins of the Agreement. The Bushes, on the other hand, have argued that no such option/right of first refusal interest was ever created or given in the first place. None of the parties has produced a copy of the Agreement. Without the document or other written evidence, Michel cannot bring a claim to enforce an alleged interest in realty. To hold otherwise would be to defeat the very purpose of the Statute of Frauds. Thus, the trial court properly entered summary judgment as a matter of law in the Bushes' favor. Michel's first argument is not well taken.

### III

Michel's first assignment of error is overruled. This court need not address the balance of his arguments. See App.R. 12(A)(1)(c). The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and SLABY, JJ., concur.

---

4. The issue of whether the Agreement, as a whole, meets the requirements of Ohio's Statute of Frauds is not before this court.