[Cite as *Criswell v. Criswell*, 2012-Ohio-3065.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

**KEVIN T. CRISWELL,**

    **PLAINTIFF-APPELLANT,**           **CASE NO. 9-11-57**

    **v.**

**AMY LYNN CRISWELL,**
**NKA TRENT, ET AL.,**           **O P I N I O N**

    **DEFENDANTS-APPELLEES.**

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 10-CV-0677**

**Judgment Reversed**

**Date of Decision:    July 2, 2012**

**APPEARANCES:**

    *Keith A. Kochheiser* **for Appellant**

    *Larry Heiser* **for Appellee**

**ROGERS, J.**

{¶1} Plaintiff-Appellant, Kevin Criswell ("Criswell"), appeals the judgment of the Court of Common Pleas of Marion County awarding summary judgment to Defendants-Appellees, Amy Criswell nka Trent ("Amy") and Tim Trent (collectively, "the Trents"). On appeal, Criswell asserts that the trial court erred in granting summary judgment in light of genuine issues of material fact and by using the statute of frauds as the basis for its award rather than Ohio Rules of Evidence. Finding that there were genuine issues of material fact, that the statute of frauds did not bar this action at summary judgment, and that the Ohio Rules of Evidence allow for the introduction of evidence to determine the content of the lease agreement, we reverse the judgment of the trial court.

{¶2} Criswell and Amy were married in 1990 and divorced in 2005. Pursuant to the parties' agreement, the divorce decree awarded Amy a farm tract in Morrow County and gave Criswell the right to farm the land for five years, paying Amy an annual rent of five thousand dollars. The right to farm commenced January 1, 2006. According to Criswell, the parties executed a ten-year extension of the lease to take effect upon the expiration of the term as stated in the divorce decree. It is the alleged extension agreement that is the subject of the instant litigation.

**{¶3}** On August 10, 2010 Criswell filed a complaint, alleging breach of contract. According to his complaint, he and Amy had signed a ten-year lease extension ("Extension Agreement") to commence upon the expiration of the previous rental agreement outlined in the divorce decree. On September 30, 2009, however, he received a letter from the Trents stating that any contract he had with Amy was to expire after the 2010 harvest season and that the acreage for the 2010 crop year would be reduced by five and a half acres. Criswell alleged breach of contract for the reduction in acreage for the 2010 season and for the breach of the Extension Agreement. The Trents filed an answer and counterclaim, asserting inter alia the defense of statute of frauds and their counterclaims for breach of contract and unjust enrichment, alleging that Criswell had been farming 68.8 acres of land instead of the agreed-upon 63.3 acres for the five-year period.

**{¶4}** During the pendency of discovery, both Criswell and Amy were deposed. In his deposition, Criswell testified that he and Amy divorced in 2005, that pursuant to the divorce decree he was permitted to farm the land on which Amy lives, which is about 69 acres. He testified that the parties signed the Extension Agreement prior to the divorce, and separate and apart from the divorce decree. The Extension Agreement allows him to continue farming the land for an additional ten years after the end of the term provided in the divorce decree.

Criswell testified that Amy drafted the Extension Agreement on a computer in Criswell's home, signed it, and gave Criswell a copy.

{¶5} Criswell testified that he has neither the paper copy nor the electronic copy of the Extension Agreement, and has no document that indicates his right to farm the land beyond the 2010 crop year. Criswell believes Trent stole the paper copy because she told him in a conversation in October 2008, "you'll never be farming this farm again. * * * She said try to find [the contract]." Criswell Tr., p. 16.

{¶6} Criswell then explained that in January 2009, one of his employees reported to the police that there had been a theft from his property, and that his home computer and two legal sized boxes containing farm contract files had been stolen. Criswell stated that he never locked the doors to his home or home office and admitted that he had no evidence, other than his belief, that Amy was involved in the theft.

{¶7} Amy testified that she and Criswell lived in Marion together until December 5, 2005, and that their divorce was finalized December 1, 2005. Prior to the divorce and for about six months to a year after the divorce, she worked for Criswell Farms, doing the bookkeeping, writing checks, paying bills, filing documents, preparing lease contracts. She testified that the original lease documents were never put into safety deposit boxes, but that they would either be

in the home office or in the kitchen. Amy testified that in November 2005, she and Criswell had come to an agreement regarding the divorce and that part of the agreement involved Criswell leasing the farm tract for five years. She testified that Criswell never requested a lease term longer than five years and that there were never any discussions regarding a ten-year lease. She testified that she never signed a ten-year lease agreement nor implied to Criswell that she destroyed a copy of any agreement. Rather, she testified that she and Criswell signed a lease agreement on December 31, 2006, a year after the divorce, which allowed Criswell to farm the property for the years 2007 through 2010.

{¶8} On August 9, 2011, the Trents filed a motion for summary judgment and memorandum in support, asserting that there was no genuine issue of material fact regarding the absence of a written contract extending Criswell's right to farm the tract beyond the 2010 crop year. The Trents argued that Criswell's claims were barred by Ohio's statute of frauds, R.C. 1335.04 and 1335.05. They attached several exhibits to the motion, including a copy of the divorce decree, a lease agreement for the years 2007-2010 ("Four Year Lease Agreement"), leasing the 63.3 acres for farming purposes to Criswell for five thousand dollars per year, copies of answers to interrogatories, and Amy's affidavit.

{¶9} On October 3, 2011, Criswell filed a motion and memorandum in contra arguing that there was a genuine issue of material fact regarding the

existence of an Extension Agreement and citing to his testimony regarding the validity of his signature on the Four Year Lease Agreement. Criswell argued that granting the motion for summary judgment pursuant to the statute of frauds would be erroneous as his testimony that the Extension Agreement was stolen triggers the application of Evid.R. 104, 1004, 1007, 1008, which allow secondary evidence to establish the terms of the contract, rather than precluding the action based on the statute of frauds. Criswell argued that whether a written Extension Agreement ever existed is an issue for the trier of fact and thus not properly disposed of in summary judgment proceedings.

{¶10} The trial court granted summary judgment to the Trents, holding that the statute of frauds barred recovery. It is from this judgment Criswell appeals, asserting the following assignments of error for review.

### *Assignment of Error No. I*

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN THERE WERE ISSUES OF MATERIAL FACT TO BE DECIDED THAT ONLY A TRIAL WOULD ANSWER.**

### *Assignment of Error No. II*

**IT WAS ERROR FOR THE TRIAL COURT TO DECIDE THE CASE BASED ONLY ON THE STATUTE OF FRAUDS WHEN THE RULES OF EVIDENCE GIVES (sic) ALTERNATIVES FOR THE TRIAL COURT.**

{¶11} Due to the nature of the assignments of error, we elect to address them simultaneously.

### Assignments of Error Nos. I & II

{¶12} In his assignments of error Criswell argues that the trial court erroneously granted summary judgment to the Trents when triable issues of material fact remained. Criswell claimed that the trial court erred by making credibility determinations and opting to disbelieve Criswell's testimony that the Extension Agreement was stolen, rather than holding a trial to determine the factual disputes. Criswell argues that whether the Extension Agreement was stolen is a material fact because if primary evidence has been stolen, Ohio Evid.R. 104, 1002, 1004, 1007, and 1008 permit secondary evidence to be admitted to prove the contents of the writing, rather than barring the action based on the statute of frauds.

{¶13} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.*, 131 Ohio App.3d 172, 175 (8th Dist. 1999). Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25 (3d Dist.), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed.*, 69 Ohio St.3d

217, 222 (1994). Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In conducting this analysis the court must determine "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, [the nonmoving] party being entitled to have the evidence or stipulation construed most strongly in the [nonmoving] party's favor." *Id.* If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 358-59 (1992).

{¶14} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996). In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his or her argument. *Id.* The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he or she may not rest on the mere allegations or denials of his or her pleadings. *Id.* at 293; Civ.R. 56(E).

{¶15} The first issue presented in Criswell's appeal is whether a genuine issue of material fact exists concerning his claim that there was a written Extension Agreement.

*Genuine Issue of Material Fact*

{¶16} Upon a de novo review of the record, we find that the Trents failed to meet their burden to establish a lack of genuine issues of material fact, and the trial court should have denied their motion for summary judgment. Criswell testified that there was an Extension Agreement, signed by Amy, granting him the right to lease the farm for ten years after the expiration of the term in the divorce decree, and the reason it is missing is due to theft. Amy testified in her deposition and in her affidavit attached to the motion for summary judgment that there was no agreement beyond the 2010 crop year, that she never signed an Extension Agreement, and that she had no involvement in illegally removing a computer or documents from Criswell's property. Therefore, the testimony of the parties establishes a genuine issue of material fact regarding the existence and absence of the Extension Agreement.

{¶17} The existence of the Extension Agreement is material as it is the very essence of this breach of contract action. Criswell's testimony regarding the existence of the Extension Agreement and its contents satisfies the requirements of a contract. The testimonial nature of the evidence does not render it unreliable or

in any way immaterial in deciding a motion for summary judgment. *See Brockway v. Warren*, 24 Ohio Dec. 311 (June 1910) (in light of the absence of the contested contract, the testimony regarding its contents cannot be disregarded). Criswell, as the non-moving party, was entitled to have the facts most strongly construed in his favor, and in doing so, reasonable minds could have concluded that there was an agreement which was later stolen, given the parties' testimony that Amy had access to the home office, created the electronic file on Criswell's computer, and knew where files were kept. Accordingly, the motion for summary judgment should have been denied as there were genuine issues of material fact.

*Application of Statute of Frauds*

{¶18} Having determined that the Trents failed to meet their burden of showing a lack of genuine issue of material fact regarding the existence of the Extension Agreement, this court must next decide whether Criswell's action is barred by the statute of frauds. Ohio has two relevant statutory provisions. R.C. 1335.04 provides:

> No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law.

R.C. 1335.05 provides:

> No action shall be brought whereby to charge the defendant, upon a special promise * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶19} Criswell does not present any such writing evidencing the Extension Agreement. To defeat the application of the above statutes, Criswell argues that there was in fact a lease signed by Trent, but that the lease was stolen. He argues that Ohio evidentiary rules provide a means for him to introduce secondary evidence of the contract if the primary evidence is lost or destroyed. The Trents argue that the statute of frauds bars the action, and since it is substantive, codified law, the evidentiary rules cannot be applied to defeat it.

{¶20} We hold that the Trents are not entitled to summary judgment as a matter of law pursuant to the statute of frauds. As stated above, the statute of frauds requires this contract to be in writing because it is an agreement for the lease of property and because it cannot be completed within one year. R.C. 1335.04, 1335.05. Having already determined that there was a genuine issue of material fact at the motion for summary judgment stage below, the Trents had the burden to establish that they were entitled to summary judgment as a matter of law. The Trents argued that the statute of frauds barred recovery as there was no writing signed by Amy in evidence regarding the alleged Extension Agreement.

The burden then shifted to Criswell to show either the facts that take the case out of the statute of frauds or that the statute of frauds had been satisfied. Criswell testified that the Extension Agreement was drafted by Amy, printed, and signed by both parties. He also testified that the reason the contract is absent is due to theft, which he believes was committed by Amy or someone on her behalf. He then argued that, according to the Rules of Evidence, when a contract is missing due to loss or destruction, secondary evidence can be introduced to establish the contents of the writing, citing Ohio R.Evid. 104, 1002, 1004, 1007, and 1008.

{¶21} Several courts have held that the statute of frauds is an *evidentiary* rule that requires certain contracts to be in writing in order to be legally actionable. *Hart v. Conger Helper Realty*, 8th Dist. No. 10203 (Dec. 23, 1929), *Janchar v. Cerkvenik*, 35 Ohio App. 519 (8th Dist. 1930), *Stickney v. Tullis-Vermillion*, 165 Ohio App. 3d 480, 2006-Ohio-842 (2d Dist.), *Olympic Holding Co., L.L.C. v. ACE, Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057 (O'Donnell, J. dissenting)*, Crilow v. Wright*, 5th Dist. No. 10 CA 10, 2011-Ohio-159. *See also* 43 Ohio Jurisprudence 3d, Evidence and Witnesses, Section 469 (2012), Restatement of Law 2d, Contracts, Section 131 (2011). *But see, e.g., Michel v. Busch*, 146 Ohio App.3d 208 (9th Dist. 2001) ("a claim regarding any interest in land, e.g., a right of first refusal, cannot be brought, as a matter of law, unless the agreement pertaining thereto was reduced to writing, signed by the party to be charged, and

produced"). In other words, the statute of frauds renders an oral agreement insufficient to bring a legal claim for certain types of agreements defined by statute.

{¶22} In the case sub judice, the statute of frauds does not mandate that summary judgment be granted as a matter of law to the Trents for the lack of a written contract in evidence. Viewing the evidence most favorably to Criswell, he and Amy signed an Extension Agreement for the ten-year lease. Therefore, since there was testimonial evidence that the ten-year lease agreement was in writing, the statute of frauds was satisfied at the motion for summary judgment stage. As stated above, the testimonial nature of the evidence does not render it unreliable at this juncture. *See Brockway v. Warren*, 24 Ohio Dec. 311 (June 1910).

{¶23} Finding that the statute of frauds does not bar Criswell's action at the motion for summary judgment stage in light of the testimonial evidence regarding the existence and terms of the agreement, we cannot hold as a matter of law that no contract existed between the parties. The issue becomes whether Ohio Rules of Evidence permit Criswell to introduce secondary evidence of the agreement's terms.

*Ohio Rules of Evidence*

{¶24} The Ohio Rules of Evidence provide a means for Criswell to introduce evidence regarding the terms of the agreement despite the lack of the

Extension Agreement in the record. Generally, in order to prove the content of a writing, the original writing is required. Evid.R. 1002. If the original has been lost or destroyed, is not otherwise obtainable, or is in the possession of the opposing party, other evidence is admissible to establish the content of the writing. Evid.R. 1004. Therefore, Criswell is permitted to use other evidence to establish the content of the Extension Agreement in light of the evidence regarding the missing Extension Agreement.[1] Further, Evid.R. 1008 provides that whether a writing ever existed is a factual question to be determined by the trier of fact. This rule provides additional support for the denial of the motion for summary judgment because the parties dispute whether there was an agreement, either oral or in writing, regarding the ten-year lease. The foregoing evidentiary rules allow Criswell to introduce other evidence to establish the existence and terms of the Extension Agreement.[2]

{¶25} Assuming arguendo, that the statute of frauds is substantive law, we nonetheless reach the same result. Viewing the facts most favorably to Criswell, his testimonial evidence demonstrates that there was in fact a writing evidencing the ten-year lease agreement, thus satisfying the statute of frauds. The Rules of

---

[1] In holding that the Ohio evidence rules allow for the introduction of secondary evidence to establish the existence and terms of the written agreement, we remain cognizant of Evid.R. 104, which provides that the trial court determines issues of admissibility. We do not intend, therefore, to assume that function of the trial court or make preliminary decisions regarding the admissibility of such evidence.

[2] We are unaware of any authority prohibiting the introduction of secondary evidence when the original writing is lost or destroyed based on the statute of frauds. *See Janchar v. Cerkvenik*, 35 Ohio App. 519 (8th Dist. 1930).

Evidence instruct that since the writing is missing or has been destroyed, the existence and terms of the contract are questions for the jury. Evid.R. 1008. Accordingly, the motion for summary judgment should have been denied as there was a genuine issue of material fact regarding the existence and destruction of the Extension Agreement, which is a question for the jury.

{¶26} Accordingly, we find that the motion for summary judgment should have been denied as the evidence presented establishes a genuine issue of material fact regarding the existence and the terms of the ten-year lease agreement, and the statute of frauds does not bar Criswell's action at the summary judgment stage of the proceedings. Further, the Ohio Rules of Evidence allow Criswell to introduce additional evidence regarding the existence and content of the Extension Agreement.

{¶27} Accordingly, we sustain Criswell's first and second assignments of error and reverse the judgment of the trial court.

*Judgment Reversed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**