[Cite as *Cairelli v. Brunner*, 2016-Ohio-5535.]

COURT OF APPEALS
FRANKLIN COUNTY, OHIO
TENTH APPELLATE DISTRICT

| | |
|---|---|
| SANDRA K. CAIRELLI | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | (Fifth Appellate District Judges Sitting<br>by Supreme Court Assignment) |
| -vs- | Case No. 15 AP 854 |
| RICHARD L. BRUNNER, et al. | |
| Defendants-Appellants | NUNC PRO TUNC[1]<br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common<br>Pleas, Case No. 14 CV 7770 |
| JUDGMENT: | Affirmed |
| DATE: | August 25, 2016 |

APPEARANCES:

For Plaintiff-Appellee

ROBERT G. KENNEDY
4924 B-Reed Road
Columbus, Ohio 43220

B. CASEY YIM
18201 Von Karman, Suite 1100
Irvine, California 92612

For Defendants-Appellants

PETER A. CONTRERAS
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215

---

[1] Because the heading of this court's August 10, 2016 opinion mistakenly referenced the Fifth Appellate District rather than the Tenth Appellate District, said opinion is replaced, nunc pro tunc.
.

*Wise, J.*

{¶1} Appellants Richard and Jennifer Brunner appeal the February 6, 2015, and August 16, 2015, decisions entered in the Franklin County Court of Common Pleas granting judgment on the merits on Appellee Sandra K. Cairelli's cause of action for quiet title.

## STATEMENT OF THE FACTS AND CASE

{¶2} The facts as presented to the trial court are as follows:

{¶3} In June, 1984, Appellants Richard and Jennifer Brunner and Appellee Sandra K. Cairelli entered into a lease agreement for the real property commonly known as 1318 Ashland Avenue, Columbus, Ohio, 43212, owned by Appellee. Appellants leased the property until approximately October of 1987. At the time the parties entered the lease agreement, Appellants were granted a right of first refusal (ROFR) to purchase the property.

{¶4} A "Memorandum of Lease" was filed with the Franklin County Recorder which recites that Appellees were granted a right of first refusal "upon certain terms and conditions set forth in an independent and self-sustaining covenant contained in the aforementioned now unrecorded lease agreement." In June, 2014, Appellee entered into a purchase agreement with Andrew and Deidre Allman for the sale of the Ashland Avenue property for $276,000: $275,000 to be paid by the buyers and $500 each from the real estate agents for the parties. The Allmans agreed to purchase the property "as is". The title search revealed the above-referenced 1984 Memorandum as a cloud on the title.

**{¶5}** On or about July 2, 2014, Appellee contacted Appellants above releasing the recorded Memorandum, but they refused.

**{¶6}** On July 15, 2014, Appellee sent Appellants a "Mitigation Offer" to allow them to purchase the property. Appellants did not accept the offer.

**{¶7}** On July 25, 2014, Appellee filed a Complaint to Quiet Title, For Injunctive Relief, Slander of Title, Tortious Interference with Contract and Fraud. Appellee also filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking to have the Memorandum of Lease and Right of First Refusal removed from the Franklin County Recorder's Office to clear the title so that she could sell the property.

**{¶8}** On July 27, 2014, a hearing was held on the Motion for Temporary Restraining Order.

**{¶9}** On July 30, 2014, the trial court conducted a status conference with the parties.

**{¶10}** By Judgment Entry filed July 31, 2014, the trial court denied the motion for a temporary restraining order. As reflected in the trial court's Entry, neither party had been able to locate and/or produce the Lease Agreement, ROFR or "surrender of possession" documents. The trial court ordered the parties to produce these documents within 14 days. The trial court also set another status conference for August 19, 2014.

**{¶11}** On August 7, 2014, Appellee renewed her Motion for a Temporary Restraining Order. This renewed Motion stated that it was "premised upon the August 1, 2014 Supplemental Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction, which incorporated the affidavits of BC Yim and Kiki Street

Kullman and affirmatively established that Defendants Brunner have rejected the ability to 'meet or beat' the existing terms and conditions of the Allman's proposed purchase of real property commonly known as 1318 Ashland Avenue, Grandview Heights, Ohio."

{¶12} On August 22, 2014, a hearing was held on Appellee's Motion for Temporary Restraining Order. At the beginning of the hearing, the trial court stated the purpose of the hearing was to determine whether or not a right of first refusal exists in this case, and if so, what terms of such ROFR needed to be applied to this situation.

{¶13} The trial court heard testimony from Andrew Allman and Richard Brunner. Mr. Allman testified to the terms of the offers and subsequent negotiations between him and Appellee for the purchase of 1318 Ashland Avenue and to establish that Appellee allegedly complied with any right of first refusal because the Appellants were eventually offered "the purchase contract as it existed" on July 15th, 2014, with the Allmans, almost one (1) month after being entered and after various waivers and contingencies were satisfied. (T. at 5).

{¶14} Appellee Cairelli did not testify as she now lives in Orange County, California. No objection was raised to the hearing proceeding without Appellee. Appellee was, however, subject to cross-examination during her deposition conducted in November, 2014.

{¶15} On August 26, 2014, the parties filed post-hearing briefs.

{¶16} On February 6, 2015, the trial court filed its Judgment Entry Quieting Title in Plaintiff's Favor and Denying as Moot Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction.

{¶17} Appellants now appeal to this Court, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶18} "I. THE TRIAL COURT ERRED IN CONSOLIDATING A PRELIMINARY INJUNCTION HEARING WITH A TRIAL ON THE MERITS OF APPELLEE'S FIRST CAUSE OF ACTION WITHOUT PROPER NOTICE UNDER CIV.R. 65(B)(2), BEFORE APPELLANTS' ANSWER WAS DUE OR DISCOVERY COMPLETED, AND BEFORE APPELLEE HAD PROVIDED ANY TESTIMONY UNDER OATH AND WHERE SHE FAILED TO APPEAR AT THE HEARING AS EXPRESSLY ORDERED BY THE COURT.

{¶19} "II. THE TRIAL COURT ERRED IN GRANTING APPELLEE A MANDATORY, PERMANENT INJUNCTION AND IN ESSENTIALLY *SUA SPONTE* GRANTING SUMMARY JUDGMENT ON THE REMAINDER OF APPELLEE'S FIRST CAUSE OF ACTION (A) BY UTILIZING THE STATUTE OF FRAUDS TO GRANT AFFIRMATIVE RELIEF TO APPELLEE TO UNDO HER OWN CONVEYANCE AND HOLDING THE RECORDED MEMORANDUM IS AN INSUFFICIENT WRITING UNDER THAT STATUTE, (B) BY FINDING THERE WAS NOT A SUFFICIENT MEMORANDUM UNDER 1335.05 AND THE APPELLANTS WERE NOT ENTITLED UNDER THEIR RIGHT OF FIRST REFUSAL TO THE SAME TERMS AND CONDITIONS AS THE PRIOR OFFER RECEIVED BY APPELLEE, (C) BY FINDING APPELLEE COMPLIED WITH HER OBLIGATION UNDER THE RIGHT OF FIRST REFUSAL BY OFFERING APPELLANTS THE PROPERTY *AFTER* HAVING ACCEPTED THE PRIOR OFFER, AND (D) WHERE APPELLEE NEVER MOVED FOR

SUMMARY JUDGMENT AND APPELLANTS WERE NOT REQUIRED TO ANSWER THE COMPLAINT FOR ANOTHER TWENTY-SEVEN (27) DAYS.

{¶20} "III. THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANTS TO LATER SUPPLEMENT THE RECORD UPON WHICH THE FIRST CAUSE OF ACTION WAS DECIDED WITH EVIDENCE OBTAINED IN DISCOVERY WHERE THE CONSOLIDATED HEARING WAS HELD ONLY TWENTY-TWO (22) DAYS AFTER THE CASE WAS FILED, AND WHERE APPELLEE HAD NOT YET TESTIFIED OR EVEN SUBMITTED AN AFFIDAVIT IN SUPPORT OF THE RELIEF GRANTED *SUA SPONTE* PURSUANT TO THE AUGUST 22, 2014 HEARING IN QUESTION, AND WHERE EVIDENCE OF APPELLEE'S EFFORTS TO COMMIT FRAUD UPON APPELLANTS HAD NOT YET BEEN DISCOVERED.

{¶21} "IV. THE TRIAL COURT ERRED IN NOT PERFORMING ANY ANALYSIS TO DETERMINE WHETHER APPELLEE'S ATTORNEY COULD SERVE AS BOTH LAWYER AND WITNESS PRIOR TO ALLOWING COUNSEL TO APPEAR WHEN THE ONLY EVIDENCE IN SUPPORT OF APPELLEE'S PENDING MOTION WAS THE AFFIDAVIT OF COUNSEL."

**I.**

{¶22} In their First Assignment of Error, Appellants argue that the trial court erred in consolidating the preliminary injunction hearing with a hearing on the merits without proper notice. We disagree.

{¶23} Civ.R. 65(B)(2) provides:

*Consolidation of hearing with trial on merits.* Before or after the

commencement of the hearing of an application for a preliminary

injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (B)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

**{¶24}** Under Civ.R. 65, a court has discretionary power to advance a trial on its merits and consolidate the trial with a hearing on a preliminary injunction to prevent two hearings and save time and expense for the court and parties. Civ.R. 65(B)(2); staff notes, Civ.R. 65. However, "it is generally improper to dispose of a case on the merits following a hearing for a preliminary injunction without consolidating that hearing with a trial on the merits or otherwise giving notice to counsel that the merits would be considered." *Seasonings Etcetera, Inc. v. Nay* (Feb. 23, 1993), Franklin App. No. 92AP1056, citing *George P. Ballas Buick-GMC, Inc. v. Taylor Buick, Inc.* (1982), 5 Ohio App.3d 71; *Turoff v. Stefanac* (1984), 16 Ohio App.3d 227. "Before consolidation, the parties should normally receive clear and unambiguous notice of the court's intent to consolidate the trial and the hearing either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." *Bd. of Edn. Ironton City Schools v. Ohio Dept. of Edn.* (June 29, 1993), Lawrence App. No. CA92-39, citing *Univ. of Texas v. Camenisch* (1981), 45 U.S. 390, 395, 101 S.Ct. 1830; *Warren Plaza v. Giant Eagle, Inc.* (June 15, 1990), Trumbull App. No. 88-T-4122,

jurisdictional motion allowed, 55 Ohio St.3d 705, appeal dismissed (1992), 63 Ohio St.3d 497

**{¶25}** There is some authority that a trial court acts properly without notice of consolidation if, after an extensive hearing, the evidence does not reveal any conflict of material fact that justifies a full trial on the merits. *See George P. Ballas Buick-GMC, Inc. v. Taylor Buick, Inc.* (1982), 5 Ohio App.3d 71.

**{¶26}** "The manifest purpose and proper application of the rule is to conserve the time and resources of the court and of litigants where, in an action whose only ultimate objective is a permanent injunction, the same evidence will be applicable in both the preliminary and merit stages of the cause. *See McCormac*, Ohio Civil Rules Practice (1970) 350, Section 14.10. The rule is not intended to permit a trial court to advance, consolidate, and try claims and issues that differ from those which are unique to the application for a preliminary injunction. *Hershhorn v. Viereck*, 27 Ohio App.3d 242, 243, 500 N.E.2d 379, 381 (10th Dist.1985)

**{¶27}** "And, even where the sole, ultimate issue is entitlement to a permanent injunction, it is improper to enter judgment on the merits, immediately following a consolidated hearing, if the time has not yet expired for the defendant to answer. The rule permits use of the evidence produced at the consolidated hearing to determine the merits of the case; unless the answer raises issues which were not addressed by that evidence, the trial court will be in a position to render judgment once the defendant has had an opportunity to answer." *Id.*

**{¶28}** In the instant case, the parties were notified by the trial court that the August 22, 2014, hearing would determine whether a right of first refusal existed and

whether injunctive relief would be granted. The trial court, in its Decision and Entry on Defendants' Motion for Clarification, stated that during several status conferences held in Chambers, it advised the parties that the key issue in this case was whether or not a right of first refusal existed. (J.E. 8/16/15 at 6). The trial court stated in said entry that based on the conversations with counsel in Chambers, counsel was "sufficiently advised that the August 22nd hearing was to include evidence on the merits of the right of first refusal issue." *Id.* Additionally, prior to the commencement of the August 22nd hearing, the trial court again explained the intended purpose of the hearing on the record. (*Id.* at 6-7). Counsel for both parties proceeded with the hearing without objection and presented the "Court with evidence on the issue of whether a right of first refusal exists." (*Id.* at 7). Further, the trial court allowed post-hearing briefs on the issue and then waited until Appellants filed their Answers to Appellee's Complaint before issuing its decision on February 6, 2015.

{¶29} Based on the foregoing, we find that the trial court did not abuse its discretion in consolidating the preliminary injunction hearing with the hearing on the merits as the facts and evidence presented at the August 22nd hearing would be identical to those issues to be considered on Appellant's cause of action for quiet title.

{¶30} Appellants' First Assignment of Error is overruled.

**II.**

{¶31} In their Second Assignment of Error, Appellants argue the trial court erred in granting a permanent injunction in this matter. We disagree.

{¶32} The standard of review for this Court regarding the granting of an injunction by a trial court is whether the trial court abused its discretion. *Perkins v.*

*Quaker City*, 165 Ohio St. 120, 125, 133 N.E.2d 595 (1956). In an action for a temporary or permanent injunction, the plaintiff must prove his or her case by clear and convincing evidence. *Franklin Cty. Dist. Bd. of Health v. Paxon*, 152 Ohio App.3d 193, 202, 2003–Ohio–1331, 787 N.E.2d 59 (10th Dist.).

{¶33} Appellants herein argue that the trial court erred in its application of the Statute of Frauds.

{¶34} The Statute of Frauds as embodied in R.C. Chapter 1335, particularly R.C. §1335.04 and §1335.05,  state, respectively, in pertinent part as follows:

{¶35} "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it * * *."

{¶36} "No action shall be brought whereby to charge * * * a person * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶37} In the case *sub judice*, Appellants have affirmatively asserted that they have a ROFR, thereby attempting to prevent Appellee from selling her home to a third party, but have failed to present any such writing which sets forth those terms which they allege were agreed to by themselves and Appellee.  The only document presented to the trial court was the Memorandum of Lease which references same but does not create a valid ROFR.

**{¶38}** As set forth above, the plain language of R.C. §1335.04 requires any interest in real estate to be in writing. As stated by the 9th District Court of Appeals, in *Michel v. Bush*, (2001) 146 Ohio App.3d 208:

Taking the plain language of the statute, it is clear that a claim regarding any interest in land, *e.g.,* a right of first refusal, cannot be brought, as a matter of law, unless the agreement pertaining thereto was reduced to writing, signed by the party to be charged, and produced. *See Palmentera v. Marino* (Oct. 15, 1997), Summit App. 18202, unreported, at 7, 1997 WL 669740 (affirming the grant of summary judgment in favor of a defendant when plaintiff failed to produce written evidence of an alleged interest in property); *see, also, Salmons v. Bowers* (Sept. 3, 1999), Columbiana App. No. 97-CO-31, unreported, 1999 WL 771279, at 7 ("The Statute of Frauds provides that certain agreements, by statute, must be evidenced by a writing signed by the parties sought to be bound.")

Moreover, it is important to note the purpose of the Statute of Frauds: "This statute serves to ensure that transactions involving a transfer of realty interests are commemorated with sufficient solemnity. A signed writing provides greater assurance that the parties and the public can reliably know when such a transaction occurs. It supports the public policy favoring clarity in determining real estate interests and discourages indefinite or fraudulent claims about such interests." *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 348, 16 OBR 391, 476 N.E.2d 388.

{¶39} Appellants alternatively argue that the recorded Memorandum of Lease satisfies the Statute of Frauds. However, the Memorandum fails to contain the essential terms of the agreement. A memorandum satisfies the Statute of Frauds if it (1) identifies the subject matter, (2) establishes that a contract has been made, and (3) states the essential terms with reasonable certainty. *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 348–49, 476 N.E.2d 388, 395 (8th Dist.1984); *Kling v. Bordner* (1901), 65 Ohio St. 86, 61 N.E. 148, paragraph one of the syllabus; *Jacobs v. Joseph E. Copp Co.* (1930), 123 Ohio St. 146, 151-152, 174 N.E. 353; 1 Restatement of the Law 2d, Contracts (1981), Section 131; 2 Corbin, Contracts (1950), Section 499.

{¶40} As a general rule, parties cannot enter into an enforceable contract unless they come to a meeting of the minds on the essential terms of the contract. *Alligood v. Proctor & Gamble Co.* (1991), 72 Ohio App.3d 309. The essential terms of a contract have been identified as "the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term and a price term." *Id.*

{¶41} Here, the Memorandum of Lease states only that "certain terms and conditions" exist in "an independent and self-sustaining covenant." The Memorandum does not contain the necessary essential terms as to consideration, price, or duration of the right of first refusal.

{¶42} Even assuming arguendo a valid ROFR did exist, we agree with the trial court that based on the evidence presented, Appellants failed to properly exercise their ROFR when they were presented with an offer to purchase the property. The only differences between the offer made to Appellants and the agreement with the Allmans were appraisal, financing and inspection rights, none of which were substantial or

significant to Appellants. Appellants stated that they did inspect the property, and that they would not need to seek financing.

**{¶43}** Finally, again assuming a ROFR existed in this matter, the trial court found that Appellants claims fail for lack of consideration. Appellants argue that they never terminated the lease agreement but failed to locate or provide the trial court with the "surrender of possession" document. Appellants also admit that they have paid no consideration to Appellee since relinquishing possession of the property almost 30 years ago. While it may be true that during their tenancy they paid somewhat higher rent payments in consideration of the ROFR, it was admitted that they paid nothing over the past 30 years. The trial court found that absent some ongoing consideration, other than that which Appellants paid between 1984 thru 1987, no right of first refusal still remains. This Court will not disturb the findings of the lower court.

**{¶44}** With regard to Appellants' argument that the trial court erred in granting "summary judgment" prior to Appellants filing their Answer in this case, we find same not well-taken. The trial court did not grant summary judgment to Appellee, it made its decision pursuant to Civ.R. 65(B), and it did so after Appellants filed their Answer. The trial court's Decision specifically states therein that it "waited until Defendants answered the Complaint before issuing its decision." (Aug. 16, 2015 J/E at 3).

**{¶45}** Based on the foregoing, we do not find that the trial court erred in granting a permanent injunction in this matter.

**{¶46}** Appellants' Second Assignment of Error is overruled.

**III.**

**{¶47}** In their Third Assignment of Error, Appellants argue that the trial court erred in refusing to allow them to supplement the record. We disagree.

**{¶48}** Specifically, Appellants argue that the trial court should have granted their June 22, 2015, motion to supplement the record with evidence that Appellee "tried to devise a secret scheme with her realtor whereby she would fraudulently inflate the purchase price with the Allmans so that the Appellants would be unable or unwilling to purchase the overpriced property." (Appellants' Brief at 51).

**{¶49}** It is well established that the trial court, in maintaining reasonable control over the mode and presentation of evidence, has wide discretion to permit evidence to be offered out of order. *State v. Bayless* (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035, paragraph three of the syllabus. This includes the decision to allow a party to reopen its case to present additional proof. *Columbus v. Grant* (1981), 1 Ohio App.3d 96, 97, 1 OBR 399, 399-400, 439 N.E.2d 907, 908-909. Thus, a decision by the trial court to allow a party to reopen its case to offer additional evidence will be reversed only upon a showing of an abuse of discretion. *Id.* An abuse of discretion, "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *See State v. Nerren,* Wayne App. No. 05CA0052, 2006-Ohio-2855, ¶ 5. *State v. Howard*, 12th Dist. Warren No. CA2009-11-144, 2010-Ohio-2303, ¶ 12

**{¶50}** Upon review, we find that such evidence was not relevant to the trial court's determination that Appellants claims based on a ROFR were barred by the

Statute of Frauds, or in the alternative lacked consideration. Further, regardless of what may or may not have transpired in e-mail correspondence between Appellee and her realtor, the offer submitted to Appellants was in fact substantially the same as the purchase agreement between Appellee and the Allmans.

{¶51} We therefore find the trial court did not abuse its discretion in denying Appellants' motion to supplement the record filed four months after the trial court's Decision/Entry.

{¶52} Appellants' Third Assignment of Error is overruled.

**IV.**

{¶53} In their Fourth and final Assignment of Error, Appellants argue that the trial court erred in failing to perform an analysis as to whether counsel for Appellee could serve both as an attorney and a witness in this matter. We disagree.

{¶54} Appellants argue that the trial court erred in denying their October 1, 2014, motion to disqualify Attorney Casey Yim, and his Affidavit, who they claim was the sole witness who testified to Appellee's claim of compliance with the ROFR.

{¶55} Disqualification of counsel pursuant to Ohio's "Lawyer as Witness" rule is set forth in Prof.Cond.R. 3.7 is captioned "Lawyer as Witness" and provides that:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work *substantial* hardship on the client. (Emphasis in original.)

**{¶56}** The rule is stated as an imperative; that is, counsel is not permitted by the rule to be both an advocate and a witness unless one of the exceptions applies.

**{¶57}** Upon review, we find that the content of Attorney Yim's affidavit dealt with an uncontested issue; that being the rejection of the Mitigation Offer sent to him by Appellants' counsel. Further, Appellant Richard Brunner himself testified at the TRO hearing as to the same facts set forth in said Affidavit.

**{¶58}** We find that the trial court did not err in not disqualifying Atty. Yim and further find no prejudice to Appellants as a result of same.

**{¶59}** Appellants' Fourth Assignment of Error is overruled.

**{¶60}** For the foregoing reasons, the judgment of the Court of Common Pleas of Franklin County, Ohio, is affirmed.

Wise, J., Farmer, P. J., and Baldwin, J., of the Fifth Appellate District, sitting by assignment in the Tenth Appellate District.