[Cite as *Lavanty v. Nicolinni's*, 2015-Ohio-5435.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICHOLAS LAVANTY | ) | CASE NO. 12 MA 151 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| NICOLINNI'S RISTORANTE I & II, LLC, | ) | |
| et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                               Pleas of Mahoning County, Ohio
                               Case No. 09 CV 3029

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellant:       Atty. Thomas N. Michaels
                               839 Southwestern Run
                               Youngstown, Ohio  44514


For Defendants-Appellees:      Atty. Matthew C. Giannini
                               1040 South Commons Place
                               Suite 200
                               Youngstown, Ohio  44514



JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                               Dated:  December 22, 2015

[Cite as *Lavanty v. Nicolinni's*, 2015-Ohio-5435.]
WAITE, J.

{¶1} This appeal arises from a decision to grant summary judgment to the defendants in a trademark infringement case. The primary dispute was over the use of the word "Nicolinni's" as part of the trade name or trademark of two restaurants in the Youngstown area. The record indicates that Appellant Nicholas Lavanty ("Lavanty") initially filed a trademark claim against two limited liability companies operating the restaurants ("Nicolinni's Ristorante I, LLC" and "Nicolinni's Ristorante II, LLC," hereinafter referred to as "the LLCs"). These LLCs are Appellees in this appeal. Appellees then filed a counterclaim for trademark and trade name infringement. Lavanty subsequently dismissed his complaint, but the counterclaim remained. Appellees filed a motion for summary judgment on their counterclaim alleging both trade name and trademark rights. Lavanty failed to establish that he had any independent or priority trade name or trademark rights in the name "Nicolinni's." Due to his failure to raise a genuine issue of material fact, the trial court properly granted judgment to Appellees. The judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} In the 1970s, Appellant Nicholas Lavanty opened and operated an Italian restaurant called Nicolinni's Ristorante on Belmont Avenue in Mahoning County, Ohio. Sometime in the 1990's, after the first restaurant closed, Lavanty opened another "Nicolinni's Ristorante" in Austintown, Ohio. In 2006, Lavanty, along with his children Tammy and Patrick, began the process of opening yet another Nicolinni's Ristorante in Boardman, Ohio. On March 27, 2006, Tammy formed an Ohio limited liability company to operate the Austintown location (Nicolinni's

Ristorante I, LLC), and another to operate the Boardman restaurant (Nicolinni's Ristorante II, LLC). Each LLC designated Tammy Lavanty Wukmir as its incorporator. In 2007, the Boardman "Nicolinni's" restaurant opened. In May of 2009, Lavanty was told that he was no longer permitted on either location.

{¶3} On August 10, 2009, Lavanty filed a complaint against Nicolinni's LLCs I and II for trademark infringement under the common law and the federal Lanham Act, for unfair competition, and for deceptive business practices. On September 11, 2009, defendants filed a counterclaim for trademark and trade name infringement under the common law and the federal Lanham Act, for unfair competition, and for deceptive business practices. Appellees alleged that Lavanty transferred the restaurants, including any trademarks and goodwill, to Tammy and Patrick in 2006, and that they transferred the assets to the Nicolinni's LLCs.

{¶4} In July of 2011, Lavanty's counsel withdrew from the case. The trial was scheduled for December 9, 2011. On December 8, Lavanty filed a Rule 41(A)(1)(a) voluntary dismissal of his complaint. This dismissal left only Appellees' counterclaims pending with the trial court. On December 14, 2011, Appellees filed a motion for summary judgment on their counterclaims. Appellees supported the motion with an affidavit of Patrick Lavanty, along with copies of the LLC filings on record with the Secretary of State's office.

{¶5} Lavanty filed his response to the motion for summary judgment on January 31, 2012. The evidence in rebuttal consisted of his own affidavit.

{¶6} On February 1, 2012, Lavanty refiled a complaint containing all the claims he previously dismissed against the same Defendants, now designated as Case No. 2012 CV 305. On February 6, 2012, Lavanty filed a motion in Case No. 2009 CV 3029, the original case, to consolidate it with Case No. 2012 CV 305, the refiled complaint. There is no indication in the record that the trial court ever ruled on this motion, and the two cases proceeded independently.

{¶7} On July 18, 2012, the trial court granted Appellees' motion for summary judgment on their counterclaim against Lavanty in Case No. 2009 CV 3029. This appeal followed.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS-APPELLEES (JUDGMENT ENTRY DATED JULY 18, 2012)

Standard of Review of Summary Judgment

{¶8} This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the

evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether or not a fact is a "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (1995).

**{¶9}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E. 2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

**{¶10}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

Law pertaining to Trademarks and Trade Names

**{¶11}** This appeal involves two related but distinct concepts, trade names versus trademarks, that need to be distinguished in order to resolve this appeal. At times the parties allege that there is a "trademark" in the name "Nicolinni's" or "Nicolinni's Ristorante." At other times, they appear to be referring only to a "trade name." "A trademark is a sign, word or device affixed to a product which identifies the goods of a particular seller or manufacturer and distinguishes them from the goods sold or produced by another." *Younker v. Nationwide Mut. Ins. Co.*, 175 Ohio St. 1, 5, 191 N.E.2d 145 (1963). Thus, a trademark is an actual mark or symbolic representation that attaches to a seller's products and identifies the source of the products in the mind of the public. Trademarks primarily identify and protect the brands of a business and keep those brands clear for the general public. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 784, 112 S.Ct. 2753, 120 L. Ed. 2d 615 (1992), fn. 19.

**{¶12}** A "trade name," on the other hand, is the legal name a business entity uses to conduct its business. "A trade name, the broadest of these terms, is descriptive of the identity of the owner of the business." *Id.* "Trade name" has a specific statutory meaning as well: " 'Trade name' means a name used in business or trade to designate the business of the user and to which the user asserts a right to exclusive use." R.C. 1329.01(A)(1). In other words, a trade name is the legal name a business uses to conduct its business, rather than the name of a specific product or brand. Registering a trade name is usually a fairly routine task and, in Ohio, may

involve little more than picking a name that is not listed in the Secretary of State's database of business names and filing the proper paperwork.

**{¶13}** To complicate matters, though, a trade name may also be used as a trademark, or may substantially overlap with a trademark, such that the two may be nearly indistinguishable. In addition, both trade names and trademarks are typically enforced under the same laws of unfair or deceptive trade practices, or unfair competition. *Cesare v. Work*, 36 Ohio App.3d 26, 28, 520 N.E.2d 586 (9th Dist.1987).

**{¶14}** Registering a trade name or trademark adds to the type of relief available, but does not substantially change the analysis as to whether infringement, unfair competition, or deceptive trade practices have occurred. There is no allegation in this case that any trademark involving the name "Nicolinni's" was ever registered at the state or federal level, but it is undisputed that Appellees registered the trade names "Nicolinni's LLC I" and "Nicolinni's LLC II" in Ohio and that the registrations were valid at the time the pleadings were filed and when summary judgment was granted.

**{¶15}** In Ohio, the default trade name of a limited liability company such as "Nicolinni's LLC I" is the name used in the articles of organization filed with the Secretary of State. The Secretary of State's office reviews the name to make sure that it is distinguishable from the currently active names of all other recorded business names, including the names of corporations, LLCs, limited liability partnerships, etc. See R.C. 1329.02. A trade name that is registered in Ohio is valid

throughout the state but not in another state. *Younker* at paragraph two of the syllabus. Nevertheless, having a registered trade name provides no particular rights with respect to trademarks and does not guarantee that the trade name does not infringe someone else's trade name or trademark rights. *Younker*, *supra*, at 6. Registration does provide some evidence that the name is being used in the course of business, and may establish the date of first use of the name.

**{¶16}** Trademarks fall into four categories: (1) generic or common descriptive; (2) merely descriptive; (3) suggestive; or (4) arbitrary or fanciful. *Yocono's Rest., Inc. v. Yocono*, 100 Ohio App.3d 11, 18, 651 N.E.2d 1347, 1351 (9th Dist.1994). Generic terms, such as "raisin bran" or "shredded wheat," are not entitled to trademark protection under any circumstances. *Id.* Words that are merely descriptive, such as "Vision Center" to describe an optics store, are entitled to trademark protection only if they have acquired a secondary meaning. *Id.* Suggestive terms and arbitrary or fanciful terms are entitled to trademark protection without the need to show that they have a secondary meaning. *Id.* Suggestive terms, such as Greyhound buses, require imagination, thought, or perception to reach a conclusion about the nature of the goods or services. *In re Gyulay*, 820 F.2d 1216, 1217 (Fed.Cir.2006). Fanciful marks are invented purely for purpose of establishing a trademark such as Exxon or Pepsi. *Wiley v. American Greetings Corp.*, 762 F.2d 139 (1st Cir.1985). Arbitrary terms are common words that do not suggest or describe any aspect or ingredient of the product, such as Apple

computers. *Bedford Auto Dealers Assn. v. Mercedes Benz of N. Olmsted*, 8th Dist. No. 97080, 2012-Ohio-927, ¶17.

**{¶17}** Personal names and surnames fall within the "merely descriptive" category and, therefore, are entitled to trademark protection only if they have acquired a secondary meaning. *Id.*, citing 1 McCarthy on Trademarks and Unfair Competition (3 Ed.1994), Section 13.02 [2]. Merely descriptive marks achieve secondary meaning when "in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982), fn. 11.

**{¶18}** Courts have recognized five factors used to determine whether a word has acquired a secondary meaning: 1) the amount and manner of advertising; 2) the volume of sales; 3) length and manner of use; 4) direct consumer testimony; and 5) consumer surveys. *Id.*

**{¶19}** It is actual use that establishes trademark rights, and generally the first to use the trademark gains priority over a junior user. *Younker* at 7. If secondary meaning is required to establish the trademark, first use does not establish priority. *Cesare* at 32.

**{¶20}** Trademark infringement is closely related to unfair competition and deceptive trade practice. Unfair competition and deceptive trade practice may be alleged under R.C. 4165.02, under federal statutes, or under state or federal common law. The law regarding all of these options is essentially the same, and

Ohio relies on federal and state law equally in this area. *Blankenship v. CFMOTO Powersports, Inc.,* 161 Misc.2d 5, 2011-Ohio-948, 944 N.E.2d 769 (Clermont Cty.), ¶21.

> [I]n a suit for unfair competition to enjoin the use of a similar trademark * * * plaintiff must prove two elements: secondary meaning and likelihood of confusion. Secondary meaning exists where the mark comes to identify not only the goods but the source of those goods * * * while likelihood of confusion requires a showing that the ordinary purchaser will be misled or deceived by the similarity. (Citations deleted.)

*George P. Ballas Buick GMC, Inc. v. Taylor Buick, Inc.*, 6th Dist. No. 81-292, 1982 WL 6359, at *5 (Apr. 16, 1982).

### Analysis

**{¶21}** The trial court's judgment in this case relied on principles of both trade name and trademark rights when it granted summary judgment to Appellees. The threshold question here is whether the parties established that a valid and protectable trade name existed. A trade name is, first and foremost, the name used to identify a business in order that it may conduct its affairs. Protecting a trade name is largely a matter of properly registering the name with the Ohio Secretary of State. There is no dispute in this case that Appellees registered two LLCs with the name "Nicolinni's Ristorante" in the title, and that the registrations are current and valid. Lavanty apparently participated in Appellees' registration process. Since it is

presumed that such registration with the Secretary of State is exclusive, Appellees presumptively have exclusive use over the names Nicolinni's Ristorante I, LLC, and Nicolinni's Ristorante II, LLC, in Ohio (since corporate registration is governed state to state and not nationally).

**{¶22}** Appellees also assert trademark rights over both "Nicolinni's Ristorante" and the name "Nicolinni's." The parties do not dispute that "Nicolinni's" is derived from a personal name. Appellees were well aware of the need to show secondary meaning to establish trademark rights in a personal name during the litigation of this case. Patrick Lavanty's affidavit provided the elements of secondary meaning by stating:

> [T]he amounts and manner of advertising for Nicolinni's Ristorante (I&II) LLCs, their volume of sales, their length and manner of use and direct consumer observations and statements to the undersigned evidence the public's association of the name 'Nicolinni's' with the restaurants and their food quality and not with the individual Plaintiff, Nicholas Lavanty.

(12/13/11 Affidavit of Patrick Lavanty, ¶11.) This averment is obviously formulated to conform to the requirement that Appellees prove secondary meaning under the law.

**{¶23}** Lavanty, in his defense against Appellees' trade name and trademark infringement counterclaim, alleged that he owned a prior trademark over the name "Nicolinni's." His defense is based on the theory that the first in time to use a trademark gives priority over the trademark. He contends that he has used the term

"Nicolinni's" since 1979, long before Appellees began using the name. Even if we assume, arguendo, that Lavanty used the name first, this does not end the analysis. First use does not, by itself, establish secondary meaning, and it is secondary meaning that determines whether a personal name has developed into a trademark. Again, secondary meaning is proven by the amount and manner of advertising, the volume of sales, direct consumer testimony, consumer surveys, length of use, and manner of use. *F.A.R. Food, Inc.*, *supra*, 7th Dist. No. 06 MA 149 at ¶46. Lavanty discusses none of these things in his affidavit except the length of use. Lavanty's affidavit contains no proof that he created secondary meaning in the name "Nicolinni's." Without a showing of secondary meaning, he has no separate trademark claim with which to create any genuine issue of material fact as to Appellees' trademark claim. Therefore, the trial court properly granted summary judgment to Appellees on the trademark claim as well as the trade name claim.

**{¶24}** Lavanty raised other arguments purportedly in defense of the counterclaim. He claims that he granted a limited license for Appellees to use the "Nicolinni's" name, and that he attempted control over the quality of the goods and services provided by the restaurants. These are only relevant if Lavanty could establish that he had a previous trademark to enforce. Since Lavanty did not provide enough evidence to establish his own independent trademark rights, he has not shown any error in the trial court's decision and his assignment of error is overruled.

<u>Conclusion</u>

**{¶25}** The trial court appropriately granted summary judgment to Appellees in this case. Although the case was initiated by Lavanty, the matter before the trial court was a trade name and trademark infringement claim arising from a counterclaim filed by Appellees. They filed a motion for summary judgment and provided proof that they owned the trade name "Nicolinni's Ristorante I, LLC" and "Nicolinni's Ristorante II, LLC." They also established trademark rights in the personal name "Nicolinni's." Lavanty failed to create any issue of material fact in his rebuttal to the motion for summary judgment. Lavanty has shown no error in the trial court judgment, and therefore, his assignment of error is overruled and the judgment of the trial court is affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.